812 So.2d 817 (2002)
COLONIAL MORTGAGE & LOAN CORP.
v.
Helen Sino, Wife of/and Huey P. JAMES.
No. 2001-CA-0526.
Court of Appeal of Louisiana, Fourth Circuit.
March 6, 2002.
*818 Irl R. Silverstein, Gretna, LA, for Plaintiff/Appellant.
Donald B. Hingle, Jr., Linda Davis-Short, Gretna, LA, for Defendant/Appellee.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, SR.).
WILLIAM H. BYRNES III, Chief Judge.
Plaintiff-appellant, Colonial Mortgage and Loan Corporation, appeals a judgment dismissing its claim against the defendants, Helen Sino, wife of/and Huey P. James for the balance due on a promissory note dated March 31, 1992, in the sum of $22,080.00, payable in equal monthly installments of $184.00. The note provides that it will bear interest at a rate of 23.99 percent for a period of one year after the contractual maturity date and thereafter at a rate of 18%. The note also provided for 25% attorney's fee if referred to an attorney for collection after default. The note was secured by a third mortgage on the Jameses' home.
In response to plaintiff's claim, the defendants urged the affirmative defense of full payment for the compromised amount of $7,500.00, an amount substantially less than the balance due at the time the $7,500.00 was paid by the defendants to the plaintiff. The note executed by the defendants in favor of Colonial was secured by a third mortgage on their home. The defendants elected to refinance and consolidate all three mortgages with H & R Block Mortgage.
Mr. Martin Aronovitch, Secretary of Colonial Mortgage testified for his company. In its brief, Colonial Mortgage stated that:
However, Mr. Aronovitch went further in his testimony, and testified that prior to accepting the $7,500.00 for the partial release, he contacted the defendants and advised them that they would have a deficiency balance due and offered to refinance same. [Emphasis added.]
Mr. Aronovitch testified that he "had numerous conversations with Mr. and Mrs. James and told them that the payoff was $16,958.77, and explained to them that I was willing to finance the balance." Consistent with this testimony is a letter dated July 14, 1999, to H & R Block Mortgage introduced into evidence without objection by Colonial. That letter states in pertinent part that:

*819 The pay off on the above referenced account is $16,958.77. This payoff is good through August 5, 1999.
Colonial also introduced into evidence a letter dated July 23, 1999, also addressed to H & R Block Mortgage stating in pertinent part that:
Please be advised that Colonial Mortgage will accept $7,500.00 to release the mortgage in favor of Colonial Mortgage, granted by Helen Sino wife of/and Huey P. James2316 Centenni Drive, Poydras, Louisiana.
This amount will expire on August 10, 1999 and will no longer be acceptable.
This letter does not state that the $7,500.00 figure represents payment in full of the loan. It says only that the mortgage will be released for that amount. By way of contrast, Colonial introduced a copy of a letter from west Federated North Texas, L.P., dated July 22, 1999, addressed to Mr. Huey P. James which states that:
As requested, the following figure represents payment in full of the above referenced account [2816 Centanni Drive].
PAYOFF as of 07/22/99 $22,500.00
The trial judge made it plain that just because something was filed with the court did not mean that it was in evidence unless it was offered at the trial:
BY THE COURT:
Well, if I don't have the FedEx in evidence the only thing I have is attached to the memorandum.
BY MR. SILVERSTEIN:
I have a document which I think he can identify which shows the posting date, if I can.
BY THE COURT:
Um-hum (indicating affirmative response).
BY MR. SILVERSTEIN:
Which is the FedEx received showing it's received on a certain date and time.
BY MR. HINGLE:
I think it's been made part of the record.
BY THE COURT:
But it is not in evidence if not introduced in this trial. [Emphasis added.]
Colonial contends that: "The defendants-appellees offered no evidence whatsoever as to the extinguishment of the debt ..."
However, the trial court's written reasons for judgment states that:
Defendants further offer affidavits of Helen Sino and Huey James declaring that they refinanced their property with H & R Block Mortgage and with the proceeds, paid off pre-existing mortgages, including $7,500.00 to Colonial Mortgage.
There is no evidence in the record that the affidavits referred to by the trial judge were ever offered into evidence at trial. Moreover, such summary judgment affidavits would not ordinarily have been admissible at a trial on the merits, especially where the affiants were present and both gave live testimony. It was error for the trial court to consider the affidavits of the defendants in reaching its judgment.
The trial court's written reasons for judgment go on to state that:
No evidence was introduced at trial in support of plaintiff's contention that the Jameses still owed monies on the promissory note. Mr. Aronovich did not produce any documentation showing that Colonial Mortgage had informed the Jameses that there would still be a balance remaining on their Colonial Mortgage account. Plaintiff failed to meet its burden of proving that the debt was still owed by defendants. [Emphasis added.]
*820 The trial court was in error in finding that there was no evidence introduced by Colonial on the question of whether the Jameses still owed any money. Mr. Aronovich testified that they did. Colonial also introduced without any objection the letter of July 14, 1999, quoting a pay off $16,958.77 against which the Jameses paid only $7,500.00.
Additionally, the trial court was in error in suggesting that the burden was on Colonial to prove that a balance was still due on the note. In a suit on a promissory note, the plaintiff must merely produce the note in question to make out a prima facie case. The burden then shifts to the defendant to prove any affirmative defenses. Merchants Trust and Sav. Bank v. Olano, 512 So.2d 1218 (La.App. 5 Cir. 8/26/87); Humphrey v. Humbrecht, 427 So.2d 461 (La.App. 5 Cir. 1/10/83), writ denied, 433 So.2d 1052 (La.6/3/83). In the instant case the existence of the note and the debt it represented is not contested. The burden is not on the plaintiff to prove the affirmative defense of non-payment.
The fact that plaintiff agreed to release the mortgage does not imply payment in full, especially when there are two letters in evidence from Colonial: the first stating that the full pay out is $16, 968.77, and the second which states that the mortgage will be released for $7,500.00 without any reference to full payment. The mortgage is merely an accessory to the principal obligation represented by the note. LSA-C.C. art. 1913. The release of the mortgage does note extinguish the note.
There is nothing illogical about Colonial agreeing to release a very junior lien in exchange for a substantial partial payment on the loan. In the event of default and a foreclosure sale there is always the risk that the collateral would be inadequate to satisfy the claim of an inferior lien holder, such as Colonial. It is for that reason that second and third mortgage lenders are able to charge such exorbitant rates of interest, such as the 23.99% per annum charged by Colonial in the instant case. Moreover, in view of this very high rate of interest which we may assume Colonial was receiving over a several year period, coupled with the lump sum payment of $7,500.00, it is virtually certain that Colonial has recouped its original investment and then some.
In other words, Colonial may have made the business decision that there was insufficient value in the Jameses' home to adequately collateralize the third mortgage. Mr. Aronovitch testified that the net balance on the note as of January 1, 1995, was only $9,314.62[1], "with interest at the rate of 23.99% per annum from January 15, 1995." There is no reason to believe that Colonial did not receive this very high rate of interest for the period of over four and one-half years from January 15, 1995, until August of 1999, when this dispute with the Jameses arose. Therefore, even though $7,500.00 is substantially less than the $16,958.77 payoff Colonial claims was due, we can infer that when the $7,500.00 is coupled with the payments made by the Jameses, it means that Colonial would have received a total amount equivalent to a return of its investment plus a reasonable amount of interest during a time of declining interest rates.
The original note was dated March 31, 1992 in the sum of $22,080.00 payable in monthly installments of $184.00 each with 25% attorney's fees.
On November 16, 1999, Colonial Mortgage filed a motion for summary judgment *821 supported by an affidavit of Mr. Aronovitch as to the amount due by the defendants. This affidavit, dated October 28, 1999, failed to give credit for the $7,500.00 payment made by the defendants in August. Mr. Aronovitch executed a second affidavit on behalf of Colonial dated February 8, 2000. In this second affidavit, he gives the defendants credit for the $7,500.00 payment made to their account when they refinanced and consolidated their three home mortgages through H & R Block.
Mrs. James testified that it was her understanding that after Colonial Mortgage received her $7,500.00 payment that nothing further would be owed by her to Colonial. However, she did not testify or produce any evidence as to how she came to that understanding. She testified that she had no communication with Colonial. She did not testify that Colonial made any representations to her to the effect that the $7,500.00 payment would represent payment in full of the debt.
Mr. James testified as follows:
Q. Do you know if Colonial Mortgage received any monies from H & R Block?
A. They were supposed to pay them off.
Q. That was your understanding?
A. That is what was my understanding.
Q. Did anyone tell you that you would owe Colonial Mortgage a balance?
A. If I owed them any other money
Q. After they received $7,500.00.
A. No, I don't remember that. [Emphasis added.]
Mr. James did not testify that he received any written or verbal representations from Colonial telling him that Colonial would accept $7,500.00 as full payment of its loan balance. Mr. James testified only that it was his understanding that $7,500.00 would pay his loan in full. From the record we cannot tell how he came by that understanding. Mr. James admitted that Colonial never sent him back a paid promissory note or a letter such as the one addressed to him by Southwest Federated indicating payment in full. He offered no testimony or documentary evidence of any action by Colonial indicating that Colonial accepted the $7,500.00 as payment in full, or of any action by Colonial inconsistent with a release of collateral in consequence of partial payment.
The most that the defendants may have proved is that they labored under the erroneous impression that the $7,500.00 figure represented a full pay off. They offered no proof that anyone at Colonial was responsible for creating that erroneous impression. More significantly, they failed to allege or prove any prejudice arising out of their misunderstanding. It is not as though Colonial failed to give them credit for the $7,500.00 payment. It is also almost certain that the Jameses received a much lower overall interest rate as a result of the consolidation and refinancing of the entirety of the first two mortgages and part of the third.
For the foregoing reasons, we find that the defendants failed to carry their burden of proof. Accordingly, we reverse the judgment of the trial court and render judgment in favor of the plaintiff, Colonial Mortgage & Loan Corp. and against the defendants, Helen Sino, wife of/and Huey P. James, in the sum of $9,314, together with interest at the rate of 23.99% per annum from January 15, 1995 to April 15, 2002, and thereafter, at the rate of 18% until paid, together with 25% attorney's fees and all costs of these proceedings.
REVERSED AND RENDERED.
NOTES
[1] Mr. Aronovitch testified that the note was a pre-computed note. The $9,314.62 figure is net of the rebate of the unearned portion of the interest in the sum of $6,093.38.