TERRI F. LOVE, Judge.
 

 11 This appeal arises from a suit on a promissory note. The promisor of the note filed a motion for summary judgment alleging that the note prescribed, which the trial court granted. For the reasons that follow, we find that genuine issues of material fact exist as to whether prescription on the note was interrupted and reverse.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 On May 7, 1998, Robert Jemison, II (“Mr. Jemison”) signed a promissory note
 
 [1]
 
 (“Note”) for $140,000 to Good Acres, Incorporated (“Good Acres”), which was par-aphed to the credit sale of 2442 Dryades Street (“Property”). Mr. Jemison took title to the property in his own name, but the Property was intended for his corporation, On Call Nursing Agency & Association of New Orleans, Incorporated (“On Call”). Denise Holden (“Ms. Holden”), an executive for On Call, signed as a witness on the credit sale.
 

 Upon conclusion of the sale, Robert Lucien, Sr. (“Mr. Lucien”), the president of Good Acres, and Mr. Jemison discussed future communications regarding the Property; whereby, Mr. Jemison allegedly stated that Ms. Holden would handle all payments and other issues regarding the Property. Additionally, [2Mr. Lucien alleges that Ms. Holden gave him her business card.
 

 The Note required twenty-three monthly payments with a balloon payment of the balance due two years after the act of sale and a maturity date of May 1, 2000. All payments were made through 1999 from an On Call account. Thereafter, the last seven payments were made from an account possessed by Ms. Holden. In 2002, Mr. Lucien wrote a demand letter to Mr. Jemison; however, Ms. Holden responded. The last payment was received around the beginning of October, 2003. Mr. Lucien alleges that he was unable to communicate with Mr. Jemison, but was always redirected to Ms. Holden.
 

 Good Acres filed suit on promissory note and recognition of mortgage on Au
 
 *751
 
 gust 21, 2006, seeking the unpaid balance on the Note and “recognition of its vendor’s lien and mortgage” upon the Property. Good Acres filed a supplemental and amended petition requesting reimbursement for $32,217.68, which was paid at a tax penalty sale to redeem the Property and preserve its rights against the Property. Mr. Jemison then filed a motion for summary judgment alleging that the Note had prescribed. The trial court agreed and granted Mr. Jemison’s motion for summary judgment. This appeal followed.
 

 STANDARD OF RE VIE W
 

 Appellate courts review summary judgments using the
 
 de novo
 
 standard of review.
 
 Weintraub v. State Farm Fire and Cas. Co.,
 
 08-0351, p. 2 (La.App. 4 Cir. 10/29/08), 996 So.2d 1195, 1196. Summary judgments are favored to “secure the just, speedy, and inexpensive determination of actions.”
 
 Collins v. State Farm Ins. Co.,
 
 08-0790, p. 8 (La.App. 4 Cir. 10/14/08), 997 So.2d 51, 55.
 

 A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together Rwith the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The mover bears the burden of proof. La. C.C.P. art. 966(C)(2). “[I]f the movant will not bear the burden of proof at trial,” he must “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966(C)(2). Once the plaintiff/adverse party “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2).
 

 The Louisiana Supreme Court held that a genuine issue is “an issue in which reasonable persons could disagree.”
 
 King v. Parish Nat’l Bank,
 
 04-0337 (La.10/19/04), 885 So.2d 540, 546. Additionally, the Court stated that a material fact is “one in which ‘its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.’ ”
 
 Id., quoting Jones v. Estate of Santiago,
 
 03-1424, p. 6 (La.4/14/04), 870 So.2d 1002, 1006.
 

 PRESCRIPTION
 

 Good Acres asserts that the trial court erred in finding that the Note had prescribed because it avers that Ms. Holden’s payments interrupted prescription.
 

 An action on a promissory note is “subject to a liberative prescription of five years,” which “commences to run from the day payment is exigible.” La. C.C. art. 3498. “[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within five years after the due date or dates stated in the note or, if a due date is accelerated, within five years after the accelerated due date.” La. R.S. 10:3-118(a).
 

 “Prescription is interrupted when one acknowledges the right of the person [ .¡against whom he had commenced to prescribe.” La. C.C. art. 3464. “Acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways,” like being “inferred from the facts and circumstances.”
 
 Lake Providence Equip. Co. v. Tallulah Prod. Credit Ass’n,
 
 257 La. 104, 241 So.2d 506, 509 (1970). Acknowledgment can also be made by an authorized agent of the debtor.
 
 Gibson Greeting Cards, Inc. v. Cabibi,
 
 237 So.2d 897, 899 (La.App. 4th 1970).
 

 
 *752
 
 Payment on a debt represents acknowledgment.
 
 Ford Motor Credit Co. v. Brown,
 
 32,995, p. 3 (La.App. 2 Cir. 4/5/00), 756 So.2d 654, 657. However, “[a] tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability.”
 
 Lima v. Schmidt,
 
 595 So.2d 624, 684 (La.1992).
 

 The Note became exigible on May 1, 2000. Therefore, as the case
 
 sub judice
 
 was filed on August 21, 2006, the Note was prescribed on its face. However, Good Acres asserts that prescription on the Note was interrupted by Ms. Holden’s payments. An acknowledgment of the debt may be inferred from the facts and circumstances of a case and can be made by an agent of the debtor. Ms. Holden possessed the authority to act on behalf of On Call regarding the’ Property, but the issue is whether she had continuing authority once the Note was in arrears and if Mr. Jemison acquiesced to the benefit of her payments.
 

 Mr. Lucien’s affidavit indicates that Mr. Jemison informed him at the act of sale that all matters regarding the Property would be handled by Ms. Holden. Mr. Lucien also asserts that all communication involving the Property was rerouted to Ms. Holden and that he was never allowed to speak with Mr. Jemison about the |sNote or payments. Instead, Mr. Lucien spoke with Ms. Holden or left messages for Mr. Jemison, which were returned by Ms. Holden.
 

 Once the Note was in arrears, Mr. Lucien sent a demand letter to Mr. Jemison’s home address in July, 2002. The demand letter garnered no response from Mr. Je-mison. However, Ms. Holden wrote Mr. Lucien a letter in August, 2002, which referred to Mr. Lucien’s previous demand letter to Mr. Jemison. In the letter, Ms. Holden discussed her desire to open a child care facility on the Property and her interest in “redoing” the mortgage on the Property to substitute her name for Mr. Jemison’s, assuming all parties agreed. Subsequently, Ms. Holden began making payments to Mr. Lucien through October, 2003, from her own account. Mr. Jemison contends that the payments made by Ms. Holden were insufficient to interrupt prescription and the last payment made by him was in September, 1999.
 

 Mr. Jemison alleges that Ms. Holden was acting in her own interest, which he stated is shown by the payments she made from her account. However, Mr. Jemison began using the Property again following Hurricane Katrina without reimbursement to Ms. Holden. Ms. Holden testified that she did not attempt to collect that money from Mr. Jemison. Mr. Jemison admitted that he was aware of Ms. Holden’s payments to Good Acres, to which he did not object.
 

 The conflicting affidavits reflect, at minimum, that an issue exists as to whether Ms. Holden was authorized to conduct business for Mr. Jemison in regards to the Property and the Note after Mr. Lucien mailed the demand letter. Ms. Holden stated in her deposition that Mr. Jemison gave her the letter because he told her to deal with the Property. Thus, if Ms. Holden was authorized to handle all matters regarding the Property initially, the act of giving the demand letter to |fiMs. Holden, her payments on the Note, coupled with his knowledge of and lack of objection to the payments, could constitute tacit acknowledgment. Because reasonable minds could disagree on an essential element of Good Acres’ claim, the alleged tacit acknowledgment, we find that genuine issues of material fact exist. Good Acres might not be able to prevail at trial, but, as this is a motion for summary judgment, a genu
 
 *753
 
 ine issue of material fact connotes that the matter should proceed in the trial court.
 

 DECREE
 

 For the above mentioned reasons, we find that genuine issues of material fact as to whether the Note prescribed and reverse.
 

 REVERSED.
 

 McKAY, J., concurs.
 

 McKAY, J., concurs.
 

 Iil agree with the majority that genuine issues of material fact exist in this case and that summary judgment was not appropriate.
 

 [1]
 

 . The record reflects that the Note was lost and is evidenced by the notations in the credit sale.