LILJEBERG, J.
In this proceeding for foreclosure by executory process, plaintiff seeks review of the trial court's judgment granting defendant's exception of prescription and dismissing its claims against defendant with prejudice. Defendant answered the appeal and seeks review of the trial court's denial of his petition for injunctive relief, which was based on a finding that it was moot. For the foregoing reasons, we vacate the trial court's judgment granting the exception of prescription, and we render judgment in favor of defendant, granting the injunctive relief he seeks.
FACTS AND PROCEDURAL HISTORY
On May 17, 2007, in connection with his purchase of the property located at 4204 Lime Street in Metairie, defendant, Perry Custer, executed a promissory note for $198,000, plus interest, and granted a mortgage encumbering the property. Plaintiff, U.S. Bank National Association, as Trustee for the Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-BC4 (hereinafter referred to as "U.S. Bank"), is the present holder of the promissory note. According to U.S. Bank, Mr. Custer stopped making payments and defaulted on the loan on September 1, 2007, less than six months after obtaining the loan.
On March 10, 2008, U.S. Bank filed a "Suit on Promissory Note," asserting that the promissory note had been misplaced and seeking foreclosure via ordinary process. U.S. Bank asserted in its petition that the note became in arrears on September *748 1, 2007, whereupon all remaining installments immediately became due pursuant to the terms of the note.[1] Years later, on May 4, 2016, U.S. Bank's lawsuit was dismissed on the grounds of abandonment.
On October 6, 2016, U.S. Bank initiated the present lawsuit by filing a "Petition for Mortgage Foreclosure by Executory Process with Appraisal" against Mr. Custer. In its petition, U.S. Bank noted that it had located and was in possession of the promissory note. It indicated that Mr. Custer had been provided with the required notice of default, and it sought seizure and sale of the property located at 4204 Lime Street by executory process. In response to U.S. Bank's petition, on January 9, 2017, Mr. Custer filed a "Petition for Preliminary and Permanent Injunction to Arrest Seizure and Sale," along with "Peremptory Exceptions of No Cause of Action and Prescription." In his petition for injunctive relief, Mr. Custer asserted that the promissory note at issue had prescribed and was no longer legally enforceable, and that the exceptions of no cause of action and prescription were "incorporated herein by reference as defenses to this executory proceeding." U.S. Bank responded by filing "Exceptions, Affirmative Defenses and Answer to Custer's Petition for Preliminary and Permanent Injunction to Arrest Seizure and Sale." In this pleading, U.S. Bank raised exceptions of improper use of summary proceeding and non-joinder of an indispensable party.
On February 7, 2017, Mr. Custer's request for a preliminary injunction and the exceptions filed by both parties came for hearing before the trial court. At the hearing, four witnesses testified, primarily regarding U.S. Bank's claim of acknowledgment of the debt, and several exhibits were admitted into evidence. At the conclusion of the hearing, the trial court granted Mr. Custer's request for a preliminary injunction and kept the exception of prescription open for further testimony to be provided during the hearing on the request for a permanent injunction. The remaining exceptions were denied.
On March 7, 2017, Mr. Custer's petition for permanent injunction and his exception of prescription, which was continued from the February 7, 2017 hearing, came before the trial court. Additional testimony and evidence was presented,[2] and at the conclusion of the hearing, the trial court took the matter under advisement. Thereafter, on May 1, 2017, the trial judge rendered a judgment granting the exception of prescription filed by Mr. Custer and dismissing U.S. Bank's claims against *749 Mr. Custer with prejudice. The judgment further provided that the petition for permanent injunction was moot. U.S. Bank appeals the trial court's judgment, and Mr. Custer has filed an answer to the appeal.
LAW AND DISCUSSION
In its first argument on appeal, U.S. Bank contends that the trial court erred in considering and granting an exception of prescription filed in response to an executory process foreclosure proceeding. It argues that while defenses may be raised via exceptions in an ordinary proceeding, the assertion of defenses in an exception is not proper in an executory process foreclosure, pursuant to La. C.C.P. art. 2642. Accordingly, U.S. Bank asks this Court to vacate the judgment of the trial court.
Mr. Custer responds that the trial court properly considered his exception of prescription, noting that it was filed simultaneously with his petition for injunctive relief. He further notes that prescription was raised in his petition for injunctive relief and the exception of prescription was incorporated therein as a defense to the executory proceeding.
In Louisiana, an executory proceeding is an in rem action that provides a simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they enjoy a mortgage and privilege. Deutsche Bank National Trust Co. ex rel. Morgan Stanley ABS Capital I, Inc. v. Carter , 10-663 (La. App. 5 Cir. 1/25/11), 59 So.3d 1282, 1286, writ denied , 11-392 (La. 4/8/11), 61 So.3d 691 ; Walter Mortg. Co., L.L.C. v. Turner , 51,007 (La. App. 2 Cir. 11/16/16), 210 So.3d 425, 431. Executory proceedings are "used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment." La. C.C.P. art. 2631 ; Walter Mortg. Co., L.L.C. , 210 So.3d at 431.
La. C.C.P. art. 2642 provides, in pertinent part:
Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.
In accordance with La. C.C.P. art. 2642, the courts of this state have found that a debtor has only two legal options to raise defenses and objections to an executory proceeding before the property is sold to a third party. The first option is to file a petition for injunction to arrest the seizure and sale of the property either in the executory proceeding or in a separate suit, and the second option is to file a suspensive appeal from the order of seizure and sale. Am. Thrift & Fin. Plan Inc. v. Richardson , 07-640 (La. App. 5 Cir. 1/22/08), 977 So.2d 105, 108 ; Knox v. W. Baton Rouge Credit , 08-1818 (La. App. 1 Cir. 3/27/09), 9 So.3d 1020, 1023-1024 ; Antoine v. Chrysler Fin. Corp. , 00-647 (La. App. 4 Cir. 3/7/01), 782 So.2d 651, 652-653.
The defendant in an executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or legally unenforceable, or if the procedure required for executory process has not been followed. La. C.C.P. art. 2751 ; Deutsche Bank Trust Co. Am. v. Ochoa , 12-800 (La. App. 5 Cir. 5/23/13), 120 So.3d 735, 740, n. 4. Injunctive proceedings and suspensive appeals from an order directing the issuance of a writ of seizure and sale are aimed at stopping the executory proceeding before the property is sold. Walter Mortg. Co., L.L.C. , 210 So.3d at 432.
*750 In the present case, Mr. Custer properly raised the defense of prescription by filing and asserting this defense in a petition for injunctive relief in the executory proceeding. Simultaneously with the filing of this petition, he also filed an exception of prescription. After hearings on the exception of prescription and the petition for injunction, the trial court granted the exception of prescription, dismissed U.S. Bank's claims against Mr. Custer, and found the petition for permanent injunction to be moot. We find that the trial court's decision to rule on the exception of prescription, in lieu of the petition for injunction, was in error.
Pursuant to La. C.C.P. art. 2642 and the pertinent jurisprudence, the trial court should not have considered the defense of prescription via an exception. Rather, it should have considered this defense when determining whether to grant permanent injunctive relief. Accordingly, we must vacate the judgment granting the exception of prescription filed by Mr. Custer.
Nevertheless, because Mr. Custer raised prescription in his petition for injunctive relief, he was entitled to have this issue considered as a defense to the executory proceeding and in support of his petition for injunctive relief. Accordingly, we now consider de novo whether Mr. Custer is entitled to the injunctive relief he seeks.[3]
Based on our review of the record before us, along with the applicable law, we find that the promissory note did, in fact, prescribe prior to the initiation of this lawsuit, and thus, Mr. Custer's petition for permanent injunction should have been granted.
Actions on instruments, whether negotiable or not, and on promissory notes, whether negotiable or not, are subject to a liberative prescription of five years. La. C.C. art. 3498. This prescription begins to run from the day payment is exigible. Id. ; Occidental Properties, Ltd. v. Zufle , 14-494 (La. App. 5 Cir. 11/25/14), 165 So.3d 124, 128-129, writ denied , 14-2685 (La. 4/10/15), 163 So.3d 809. When a promissory note is payable in installments, as opposed to on demand, the five-year prescriptive period commences separately for each installment on its due date. JP Morgan Chase Bank, N.A. v. Boohaker , 14-594 (La. App. 1 Cir. 11/20/14), 168 So.3d 421, 428. However, if the installments are accelerated based upon a default, prescription for the entire accelerated amount commences on the day of acceleration. Id.
In the present case, the promissory note was signed on May 17, 2007, and it provided for payments to be due in monthly installments. After Mr. Custer defaulted, U.S. Bank filed suit on March 10, 2008, and accelerated the note. U.S. Bank asserts that after it filed its March 10, 2008 petition, the note was "decelerated" and the original payment terms of the promissory note were reinstated. It argues that the date of acceleration for the present case is October 6, 2016, when the instant suit was filed. However, the evidence in the record fails to establish that the note was "decelerated" or that the original payment terms were reinstated.
U.S. Bank also contends that it entered into a forbearance agreement with Mr. Custer, so the acceleration of the debt by filing the 2008 petition was waived. However, the record reflects that the forbearance agreement was signed by Mr. Custer on February 29, 2008, and U.S. Bank filed *751 suit after that date on March 10, 2008.[4] U.S. Bank also filed an amended petition reaffirming the allegations in its original petition on January 23, 2009.
Because the note was accelerated in March of 2008, which is greater than five years before the instant lawsuit was filed, we now consider whether prescription was interrupted by acknowledgment.
La. C.C. art. 3464 provides that "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." Acknowledgement of a debt or obligation interrupts prescription and erases the time that has accrued, with prescription commencing anew from the date of interruption. La. C.C. art. 3466 ; Occidental Properties , 165 So.3d at 129 ; Babin v. Babin , 08-776 (La. App. 5 Cir. 3/10/09), 10 So.3d 784, 786, writ denied , 09-813 (La. 6/19/09), 10 So.3d 735.
An acknowledgment may be express or tacit. No specific form is prescribed for an express acknowledgment. Demma v. Auto. Club Inter-Insurance Exch. , 08-2810 (La. 6/26/09), 15 So.3d 95, 99, citing Flowers v. United States Fidelity & Guaranty Co. , 381 So.2d 378 (La. 1979). A tacit acknowledgment occurs when a debtor performs an act of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Id. ; Good Acres, Inc. v. Jemison , 08-976 (La. App. 4 Cir. 3/11/09), 8 So.3d 749, 752. Mere recognition of a disputed claim is insufficient to constitute an acknowledgement. Rosen v. State Farm Mut. Auto. Ins. Co. , 03-1744 (La. App. 4 Cir. 3/17/04), 870 So.2d 1057, 1064, writ denied , 04-964 (La. 6/4/04), 876 So.2d 92.
U.S. Bank argues that Mr. Custer's actions, taken cumulatively, were sufficient to acknowledge his debt and interrupt prescription. Within the five years following acceleration, Mr. Custer made some payments on the promissory note. Payment on a debt represents an acknowledgment. Good Acres, Inc. , 8 So.3d at 752. However, Mr. Custer testified that he made his last payment on January 20, 2010, clearly more than five years prior to the filing of this lawsuit.
U.S. Bank also contends that Mr. Custer acknowledged the debt on June 29, 2012 and August 17, 2012, within the five years prior to filing the instant suit, when he authorized a real estate agent, Luke Jones, to contact U.S. Bank and inquire about a short sale. It asserts that U.S. Bank provided Mr. Jones with the requested short sale package on August 18, 2012.
An acknowledgment can be made by an authorized agent of the debtor, but the power to acknowledge the debt must be express and special. Dufrene v. Morgan Equip. Rental, Inc. , 98-1582 (La. App. 1 Cir. 9/24/99), 754 So.2d 1000, 1004, n. 2. In the present case, the record does not show that Mr. Jones acknowledged Mr. Custer's debt or had the express authority to do so.
U.S. Bank also asserts that the record shows it provided a loan modification agreement dated September 8, 2015 to Mr. Custer. However, the loan modification agreement in the record is unsigned, and this evidence does not show that Mr. Custer, or anyone else on his behalf, acknowledged the debt. U.S. Bank also argues that Mr. Custer took steps to assure the property was covered by property and casualty homeowner's insurance during the years prior to initiation of this lawsuit and listed *752 the servicer for U.S. Bank as the mortgagee. However, these actions are insufficient to prove acknowledgment of the debt.
The evidence in the record before us does not establish that prescription was interrupted by acknowledgment within the five years prior to the filing of the instant lawsuit. Thus, we find that the promissory note is prescribed and unenforceable. Accordingly, because the promissory note is unenforceable, we grant an injunction against the seizure and sale of the property at issue.[5]
DECREE
For the foregoing reasons, we vacate the trial court's judgment granting Mr. Custer's exception of prescription. We render an injunction prohibiting the seizure and sale of the property located at 4204 Lime Street in Metairie, Louisiana, and we dismiss U.S. Bank's "Petition for Executory Process Foreclosure with Appraisal."
VACATED AND RENDERED

The note provides, in paragraph 7, in pertinent part:
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.
The mortgage provides, in paragraph 22, in pertinent part:
Lender shall give notice to Borrower prior to acceleration following Borrower's failure to pay principal, interest, and other fees and charges as provided in the Note, or following Borrower's breach of any covenant or agreement in this Security Instrument.... If the default is not cured on or before the date specified in the notice, Lender at its option may accelerate and require immediate payment in full of all sums secured by this Security Instrument without further demand for payment.

The parties stipulated that all of the testimony and evidence admitted during the hearing on the preliminary injunction would be admitted into evidence for purposes of the permanent injunction hearing.

We note that in his answer to the appeal, Mr. Custer asserts that the trial court erred by failing to grant the petition for permanent injunction, rather than dismissing it as moot.

The copy of the forbearance agreement in the record does not reflect that it was signed by a representative of U.S. Bank.

Based on our decision to grant a permanent injunction in this matter, we pretermit consideration of Mr. Custer's second assignment of error in his answer to appeal pertaining to the admission of several exhibits.