| WILLIAM F. GRACE, JR. AND ANNE M. GRACE | * | NO. 2023-CA-0119 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| EQUIPCO, L.L.C. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-08989, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Tiffany Gautier Chase)

Jennifer N. Willis
WILLIS & BUCKLEY, APC
3723 Canal Street
New Orleans, LA 70119

AND

Gary Joseph Gambel
MURPHY ROGERS SLOSS & GAMBEL
701 Poydras Street
One Shell Square, Suite 400
New Orleans, LA 70139

AND

Antonio Clayton
CLAYTON, FRUGE & WARD
3741 Highway 1 South
Port Allen, LA 70767

    COUNSEL FOR PLAINTIFFS/APPELLANTS, WILLIAM F. GRACE, JR.
    AND ANNE M. GRACE

Charles M. Pisano
Jan K. Frankowski
ROEDEL PARSONS KOCH BLACHE FONTANA PIONTEK & PISANO

1555 Poydras Street, Suite 1700
New Orleans, LA 70112

AND

Christian J. Rhodes
PELICAN STATE PARTNERS
234 Loyola Avenue, Suite 300
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLEE, EQUIPCO, L.L.C.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**
**OCTOBER 4, 2023**

This appeal arises from the execution of four promissory notes, totaling over one million dollars, between Plaintiffs, William Grace, Jr. and Anne Grace (collectively "Plaintiffs") and Defendant, Equipco, L.L.C. Plaintiffs executed four promissory notes as an infusion of cash for Equipco. After seeking repayment, Equipco asserted that the notes were either null for want of consideration or converted to equity. Plaintiffs and Equipco filed opposing cross-motions for summary judgment.

The trial court denied Plaintiffs' Motion for Summary Judgment, but granted Equipco's Motion for Summary Judgment finding that Plaintiffs' notes were converted to equity in Equipco.

Plaintiffs appealed contending the trial court erred by denying their Motion for Summary Judgment and granting Equipco's Motion for Summary Judgment. Equipco also answered the appeal regarding related evidentiary rulings.

We find the trial court correctly denied Plaintiffs' Motion for Summary Judgment, as Equipco presented evidence the debt was either extinguished for want of consideration or conversion. However, we find the trial court erred by granting Equipco's Motion for Summary Judgment because numerous genuine issues of

material fact exist regarding the same issue of consideration or conversion. Thus, we reverse the trial court's judgment granting Equipco's Motion for Summary Judgment and remand for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Equipco was created in 2006, to offer the rental and servicing of construction equipment. The members of Equipco's Board were the President, Donald G. Charbonnet, and Shannon W. Fethke. Seeking to expand the company in 2007, Equipco sought additional funding.

On June 6, 2008, Mr. Grace sent a letter to Mr. Charbonnet and Mr. Fethke to memorialize the terms of their agreement for Mr. Grace to purchase thirty-five percent of the membership interests in Equipco. In consideration, Mr. Grace outlines that he is providing a 1) $250,000.00 payment of cash equity; 2) $500,000.00 one year term loan with option to convert into equity/additional capital; and 3) $500,000.00 plus loan. Mr. Grace, Mr. Charbonnet, and Mr. Fethke signed the letter/agreement. The notes are outlined below.

### First Promissory Note

On June 11, 2008, Plaintiffs executed a $500,000.00 promissory note to Equipco with a maturity date of June 10, 2012. The note provided the following for calculating interest:

> INTEREST RATE. This Note shall bear no interest during the first year of term of this Note. After June 10, 2009; if this Note is not converted to equity, advances shall bear interest at the Applicable Rate. The term "Applicable Rate" shall mean a rate equal to the lesser of (a) the maximum rate permitted by applicable law or (b) the LIBOR Rate plus 200 hundred (200) basis points per annum or two (2%) percent per annum. . . .

The principal was due by June 10, 2009. In the event of nonpayment, the note

provided:

> 3.(b)  If principal is not converted to equity in Borrower prior to June 10, 2009 or, if principal is not paid in full prior to June 10, 2009, Principal and interest under this Note shall be payable in consecutive monthly Installments of principal and interest in the amount sufficient to fully amortize the principal outstanding, together with interest thereon at the rate per annum equal to the Applicable Interest Rate, in equal installments of principal based on a five (5) year amortization, with the first installment of Eight Thousand Three Hundred Thirty-Three and 33/100 ($8,333.33) Dollars being due and payable on July 10, 2008 and like installments of principal in the amount of Eight Thousand Three Hundred Thirty-Three and 33/100 ($8,333.33) Dollars, together with the interest under the Applicable Interest Rate continuing on the same day of each calendar month thereafter with one final balloon payment of the entire remaining principal balance and all unpaid accrued interest being due and payable in full on June 10, 2012.

The note also included provisions for late charges and default.  Specifically, the note included this section on conversion:

> 13. CONVERSION: Lender shall convert to membership interests in Borrower all of the principal due Lender by Borrower under this Note if, and only if, for the 2008 calendar year Borrower's financial statements, prepared in accordance with generally accepted accounting principles, show positive net distributable income.

Lastly, the note was signed by Mr. Charbonnet.

***Second Promissory Note***

Also on June 11, 2008, Plaintiffs executed a second promissory note to Equipco for $562,000.00, with a maturity date of June 10, 2012.  The interest rate and payments were defined as follows:

> 2. INTEREST RATE. Advances under this Note shall bear interest at the Applicable Interest Rate. The term "Applicable Interest Rate" shall mean a rate equal to the lesser of (a) the maximum rate permitted by applicable law or (b) the LIBOR Rate plus two hundred (200) basis points per annum or two (2%) percent per annum. . . .

3

*        *        *

> 3. PAYMENT OF INTEREST AND PRINCIPAL. (a) Principal and interest under this Note shall be payable in consecutive monthly installments of principal and interest in the amount sufficient to fully amortize the principal outstanding, together with interest thereon at the rate per annum equal to the Applicable Interest Rate, in equal installments of principal based on a ten (10) year amortization, with the first installment of Five Thousand Nine Hundred Three and 36/100 ($5,903.36) Dollars being due and payable on July 10, 2008 and like installments of principal in the amount of Four Thousand Six Hundred Eighty-Three and 33/100 ($4,683.33) Dollars together with the interest under the Applicable Interest Rate continuing on the same day of each calendar month thereafter with one final balloon :payment of the entire remaining principal balance and all unpaid accrued interest being due and payable in full on June 10, 2012.

Like the first note, the second contains clauses on default and late payment. Mr. Charbonnet signed the note.

### Third Promissory Note

The third promissory note was executed on July 29, 2008, for $12,000.00 and had a maturity date of July 28, 2018, with terms similar to the second promissory note. Mr. Charbonnet signed the note.

### Fourth Promissory Note

The fourth promissory note was executed on September 30, 2008, with a maturity date of January 1, 2009, for $200,000.00. This note differed from the first three, in that this note promised to pay Mr. Grace, but did not include Mrs. Grace. The note contained provisions on interest, payment, etc. and was signed by Mr. Charbonnet.

### After Executing the Promissory Notes

Plaintiffs contend that after Mr. Charbonnet made some payments, he then asked to postpone any further payments on the notes until Equipco's funds were

4

sufficient. Subsequently, however, Mr. Charbonnet and Mr. Fethke left Equipco. Walter Boasso then assumed management of Equipco. No further payments on the notes were made.

Plaintiffs filed suit seeking payment on the notes. Plaintiffs filed a Motion for Summary Judgment asserting there were no genuine issues of material fact that Equipco owed and never paid the notes. In response, Equipco filed a Motion for Summary Judgment contending Plaintiffs never funded the notes or that they converted the money from the notes into equity.

The trial court held:

> 1. Equipco's Motion to Strike the Exhibits to "Supplemental Memorandum in Support of Plaintiffs' Motion for Summary Judgment" be and the same is hereby DENIED;
> 2. Equipco's Motion to Strike "Plaintiffs' Supplemental Opposition to Defendant's Motion for Summary Judgment" be and the same is hereby DENIED;
> 3. Plaintiffs' Motion for Summary Judgment be and the same is hereby DENIED;
> 4. Equipco's Motion for Summary Judgment be and the same is hereby GRANTED and, accordingly,
>
> IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the claims, demands, and causes of action asserted in and the Petition for Damages filed herein by plaintiffs, William F. Grace, Jr., and Anne M. Grace, against defendant, Equipco, L.L.C., be and the same are hereby DISMISSED, WITH PREJUDICE, at plaintiffs' cost.
>
> IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that, to the extent this judgment is not already a final judgment pursuant to La. Code Civ. Proc. Art 1915, there is no just reason for delay and this judgment shall be deemed a final judgment pursuant to the terms of La. Code Civ. Proc. Art. 1915(B)(1).

Plaintiffs' Motion for Devolutive Appeal followed.

On appeal, Plaintiffs maintain the trial court erred by denying their Motion for

Summary Judgment and granting Equipco's Motion for Summary Judgment. Equipco filed an Answer to the appeal "solely to preserve its appeal rights from the district court's ruling . . . denying Equipco's motion to strike certain exhibits submitted by the Graces in support of their motion for summary judgment, and denying also Equipco's motion to strike the Graces' supplemental opposition to Equipco's motion for summary judgment."

## MOTIONS FOR SUMMARY JUDGMENT

"The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art. 966(A)(2). "The procedure is favored and shall be construed to accomplish these ends." *Id*. The appropriate time for filing a motion for summary judgment is "[a]fter an opportunity for adequate discovery." La. C.C.P. art. 966(A)(3). Then, "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id*.

Generally, the burden of proof is with the mover. La. C.C.P. art. 966(D)(1). However, "if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment," the mover must "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id*. Then, the opposing party must "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id*.

## STANDARD OR REVIEW

"An appellate court reviews summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion

for summary judgment." *Strategic Cap. Holdings, LLC v. Bennett*, 21-0672, p. 3 (La. App. 4 Cir. 7/29/22), 366 So. 3d 255, 258, *as clarified on reh'g* (9/20/22), *writ denied*, 22-01572 (La. 1/11/23), 352 So. 3d 983. Thus, "we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Id*.

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs filed a Motion for Summary Judgment contending that they presented a *prima facie* case as to the fact that they were entitled to collect on the four promissory notes.

"It is well established that ʿsummary judgment is the appropriate procedural device to enforce a negotiable instrument when the defendant establishes no defense against enforcement.'" *Jarrell v. Conerly*, 17-0713, p. 7 (La. App. 4 Cir. 3/7/18), 240 So. 3d 266, 271 (quoting *Pannagl v. Kelly*, 13-0823, p. 6 (La. App. 5 Cir. 5/14/14), 142 So. 3d 70, 74). "In a suit on a promissory note, the plaintiff must merely produce the note in question to make out a *prima facie* case." *Colonial Mortg. & Loan Corp. v. James*, 01-0526, p. 4 (La. App. 4 Cir. 3/6/02), 812 So. 2d 817, 820. "The burden then shifts to the defendant to prove any affirmative defenses." *Id*. *See also Traffic Scan Network, Inc. v. Winston*, 98-2428, p. 4 (La. App. 4 Cir. 7/21/99), 766 So. 2d 557, 559.

In support of their Motion for Summary Judgment, Plaintiffs attached Mr. Grace's affidavit, copies of the notes, the letter memorializing Mr. Grace's purchase of thirty-five percent interest in the Membership Interests in Equipco, the affidavit of Mr. Charbonnet, a credit letter from Chase showing a $1.2 million credit taken by Mr. Boasso in benefit of Mr. Grace, and a formal demand letter for payment of the notes to Mr. Boasso.

7

Mr. Grace stated that in 2008, he agreed to pay Equipco $250,000.00 for a thirty-five percent membership interest. He then agreed to loan Equipco money "conditioned upon Equipco and its members agreeing to terms set forth in a letter agreement dated June 6, 2008." Mr. Grace maintained that the letter served as an operating agreement.

As we discussed above, the letter was sent to Mr. Charbonnet and Mr. Fethke to memorialize the terms of their agreement for Mr. Grace to purchase thirty-five percent of the membership interests in Equipco. In consideration, Mr. Grace outlines that he is providing a 1) $250,000.00 payment of cash equity; 2) $500,000.00 one year term loan with option to convert into equity/additional capital; and 3) $500,000.00 plus loan. Mr. Grace, Mr. Charbonnet, and Mr. Fethke signed the letter/agreement.

Mr. Grace stated that Equipco made $13,031.39 in payments on note 2. Once Equipco was no longer able to make payments on the notes, Plaintiffs agreed to forbear further payments. The parties allegedly agreed to pay the notes in full when Equipco obtained the cash flow, but that payments were required to resume prior to Mr. Grace's sixty-fifth birthday. Mr. Grace averred this agreement was confected in writing, but he was not in possession of the writing. Further, he stated that the notes were not "satisfied or extinguished." Mr. Grace claims to have the original notes; copies were submitted, but Mr. Grace said he was never asked to surrender the originals.

Mr. Charbonnet stated that he was the sole manager and president of Equipco during all or part of 2008 and 2009. He provided that he made agreements with Mr. Grace for the thirty-five percent membership interest and the loans, as evidenced by the letter/operating agreement. The money loaned, as accounted for in the notes,

8

was deposited into Equipco's account at Whitney Bank. Mr. Charbonnet contended that the copies of the notes were authentic. He reiterated that Equipco was unable to make payments on the loans and asked Mr. Grace to forbear payments. "The forbearance agreement as to the notes was first bound with Grace in November or December 2008 and was reconfirmed in 2009. A handwritten document evidencing the forbearance agreement was made a part of the Company's file." However, Mr. Charbonnet did not have a copy of the forbearance agreement. Lastly, Mr. Charbonnet stated that he was not aware of Plaintiffs' loans being converted to equity.

Plaintiffs also attached documents regarding a $1.2 million line of credit granted to Mr. Boasso on behalf of Plaintiffs and a formal demand letter to Mr. Boasso in 2014.

In opposition, Equipco averred that Plaintiffs failed to establish a *prima facie* case without the original promissory notes, that no money was ever given to Equipco, and that the monies received were converted to equity. In support, Equipco attached the affidavit of Ralph Litolff, Equipco's expert certified public accountant; Mr. Boasso's affidavit; the notes; business records from Equipco; discovery documents; and tax documents relevant to Mr. Litolff's opinion.

After reviewing the records, Mr. Litolff stated that he saw no evidence of Equipco depositing funds from notes 1 and 2 contained in the ledgers. He found a $12,000.00 deposit on July 31, 2008, labeled as "WE&RE Buyout." Mr. Litolff found a corresponding increase to the account titled "Partner Equity-A&WMG." However, there was no notation that it related to note 3. He did not see any notation that the $12,000.00 was a liability to Plaintiffs. The records reflected a $200,000.00 increase on September 30, 2008, titled as "Loan from Wm. Grace." Then he viewed

9

an adjusting journal entry depicting $200,000.00 liability under the ledger account "A&WM Grace ST Loan," but nothing indicating it was related to note 4. He summarized his findings as follows:

> Moreover, I have not seen any documentation such as bank statements, cancelled checks, wire transfer receipts, etc., to validate the actual receipt of funds by Equipco, in connection with the alleged proceeds from Promissory Notes 1, 2, 3, or 4. Further, the general ledger activity for the month of December 2009 and the Form K-1 of William F. Grace for 2009, as filed with the Internal Revenue Service by Equipco and the Graces, clearly indicate that the amounts previously listed as amounts owed to the Graces were reclassified to the equity account of Anne & William Grace.

Mr. Boasso stated that he has been the managing member of Equipco since April 9, 2010, and that he was the only one to authenticate Equipco's business records and documents. He maintained that Equipco did not have any records "evidencing Equipco's receipt of any money from the Graces in connection with any of the loans represented" by the notes. Mr. Boasso reiterated that the Form K-1[1] for Mr. Grace in 2009 depicted that the debt was reclassified as equity. Further, Mr. Boasso asserted that Mr. Charbonnet was not authorized to sign a promissory note on behalf of Equipco at the time of execution and was not authorized to speak for Equipco when he signed his affidavit.

Equipco also attached its Answer and Reconventional Demand, wherein it was alleged that Mr. Boasso was duped into taking over Equipco to take the fall when the company failed. Additionally attached was a Petition evidencing a lawsuit filed by Equipco, Mr. Boasso, and Mr. Grace against Mr. Charbonnet alleging that

---

[1] K-1 is utilized to report the filer's portion of income, deductions, credits, etc. from an organization. Partner's Instructions for Schedule K-1, (January 17, 2023) https://www.irs.gov/pub/irs-pdf/i1065sk1.pdf.

he breached his fiduciary duties, committed conversion, and diverted business opportunities. The Petition also asserted claims of misappropriation, misuse, violation of policies and procedures, fraud, and intentional and negligent misrepresentation.

Plaintiffs filed a supplemental memo in support of their Motion for Summary Judgment attempting to incorporate the exhibits they filed in opposition to Equipco's Motion for Summary Judgment. Plaintiffs averred:

> In an abundance of caution, plaintiffs take this opportunity to make this submission formally designating the exhibits previously filed with their opposition to defendant's motion for summary judgment, as exhibits in support of plaintiffs' motion for summary judgment. Specifically, these exhibits (attached *in globo* as exhibit 1) are:
> Deposition of defense CPA expert Ralph A. Litolff dated April 18, 2018,
> Affidavit of plaintiff William F. Grace dated August 10, 2022, and
> Affidavit of plaintiff Anne M. Grace dated August 10, 2022.

Equipco objected to the filing and consideration of Plaintiffs' supplemental memo and attachments. The trial court denied Equipco's Motion to Strike.[2]

The trial court found, "I do not find that the plaintiff's Motion for Summary Judgment is appropriate. Specifically, it is [sic] they have failed to meet their burden as required." We agree.

While Plaintiffs presented copies of the notes and supporting documentation, Equipco countered with substantial evidence that the monetary amount of the notes was never received or that it was converted into equity. This demonstrates a possible want of consideration and extinguishment, which creates genuine issues of material

---

[2] Due to this Court's ruling on Plaintiffs' Motion for Summary Judgment, we pretermit analyzing whether the trial court's denial of the Motion to Strike was correct.

11

fact as to whether Equipco remains obligated to pay on the notes. *See Jarrell*, 17-0713, 240 So. 3d 266; *Good Acres, Inc. v. Jemison*, 08-0976 (La. App. 4 Cir. 3/11/09), 8 So. 3d 749; *Succession of Mexic v. Mexic*, 593 So. 2d 897, 899 (La. App. 4th Cir. 1992). Accordingly, we find that genuine issues of material fact exist such that the trial court correctly denied Plaintiffs' Motion for Summary Judgment. That portion of the trial court's judgment is affirmed.

## *EQUIPCO'S MOTION FOR SUMMARY JUDGMENT*

Equipco filed a Motion for Summary Judgment contending that the notes were not funded or, if funded, the amount owed was extinguished when converted into equity in Equipco.

In support, Equipco attached a different affidavit of Mr. Boasso[3], a different affidavit of Mr. Litolff[4], and the Answer and Reconventional Demand that was attached to the opposition to Plaintiffs' Motion for Summary Judgment.

---

[3] Plaintiffs maintain Mr. Boasso's affidavit should have been disregarded because he lacks personal knowledge. This argument lacks merit. Mr. Boasso is the records custodian. "[W]here affiants attest to facts contained in business records said affiants are not required to demonstrate that they personally prepared the records or have firsthand knowledge of the contents of the records." *Cap. One Bank (USA), NA v. Sanches*, 13-0003, p. 7 (La. App. 4 Cir. 6/12/13), 119 So. 3d 870, 874.

[4] Plaintiffs contend Mr. Litolff's affidavit should be excluded because of questions regarding his methodology and lack of examination pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 582, 113 S. Ct. 2786, 2791, 125 L. Ed. 2d 469 (1993). However, "[w]hen an objection to an affidavit in support of or in opposition to a motion for summary judgment is made in accordance with La. Code Civ. P. art. 966(D)(2), the only issue to be determined is whether that affidavit is in compliance with La. Code Civ. P. art. 967." *Successions of Millet*, 21-0355, 21-0356, p. 9 (La. App. 1 Cir. 12/22/21), 340 So. 3d 252, 257-58. *See also Mariakis v. N. Oaks Health Sys.*, 18-0165, p. 9 (La. App. 1 Cir. 9/21/18), 258 So. 3d 88, 95; *Farrar v. Centerpoint Energy Res. Corp.*, 52,557, p. 10 (La. App. 2 Cir. 4/10/19), 269 So. 3d 1149, 1155. La. C.C.P. art. 967(A) provides, in pertinent part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. The supporting and opposing affidavits of experts may set forth such experts' opinions on the facts as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

We find Mr. Litolff's affidavit complies with La. C.C.P. art. 967.

Mr. Boasso stated that he had been a member of Equipco since January 1, 2010, and the managing member since April 9, 2010. As to the status of Equipco, he provided that Equipco sold all of the assets in April 2016, that there are no employees, and that he maintains custody of the records, as well as authenticates them. He certified that the business records relied upon by Mr. Litolff were true and correct copies. Lastly, he stated that "the alleged loans evidenced by the promissory notes at issue in this lawsuit converted to equity and are not due or payable."

Mr. Litolff, Equipco's accounting expert, stated that he reviewed various business records of Equipco and Plaintiffs' tax returns. After reviewing these records, he summarized his findings as follows:

- There are four (4) promissory notes (Exhibit 3) whereby the Graces have allege to have loaned funds to Equipco.
- The general ledger detail of Equipco as of the year ended December 31, 2008 reflects balances attributable to the four (4) promissory notes.
- The 2009 general ledger detail of Equipco reflects that the balances attributable to these four (4) promissory notes were reclassified from the relevant liability accounts to the equity account of Anne & William Grace.
- The 2009 federal tax return of Equipco as filed with the IRS includes a Form K-1 of William F. Grace that reflects the conversion of the full outstanding balance of the four (4) promissory notes to equity (capital) in Equipco.
- In July of 2010 William Grace advised his CPA, Paul E. Gardner, that he had debt that converted to equity upon a capital infusion from Walter Boasso in late 2009.
- Paul E. Gardner prepared and the Graces filed with the Internal Revenue Service their 2009 tax return which contains information from the 2009 Form K-1 of Equipco that reflects the conversion to equity.[5]

---

[5] The records Mr. Litolff relied upon were attached to his affidavit.

In opposition, Plaintiffs stated that their "motion, memorandum in support and exhibits thereto are referenced and incorporated herein as if copied in extenso." They attached the affidavit of Samuel Buckley, III, who assisted Plaintiffs in searching the remaining business records of Equipco, housed in a storage unit. He believed that "[m]any normal business records, such as general ledgers, that one would expect to find, were absent." Further, no boxes contained information regarding the notes.

After Equipco filed a reply, Plaintiffs again filed a Supplemental Opposition to Equipco's Motion for Summary Judgment and attached affidavits from Plaintiffs and Mr. Litolff's deposition.

The trial court ruled:

> However, as it relates to Defendant's Motion for Summary Judgment, I do believe that all facts and circumstances indicate that a conversion did, in fact, occur. Absent the general allegation by the plaintiffs that it didn't occur, everything else provides that it did. I do not think that there is a genuine issue of material fact. And so with that, I will grant the defendant's Motion for Summary Judgment.

The trial court also denied Equipco's Motion to Strike Plaintiffs' Supplemental Opposition and corresponding attachments.

Equipco maintains that the trial court erroneously considered Plaintiffs' Supplemental Opposition. La. C.C.P. art. 966(B)(3) stated that "[a]ny reply memorandum shall be filed and served in accordance with Article 1313 not less than five days prior to the hearing on the motion. No additional documents may be filed with the reply memorandum." Further, "[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment." La. C.C.P. art. 966(D)(2). "A sur-reply is not permitted." *Hartley v. Univ. of Holy Cross*, 22-0840, p. 6 (La. App. 4 Cir. 7/19/23), ___ So. 3d ___, ___, 2023 WL

14

4618313, *3.  We need not determine whether the trial court correctly considered Plaintiffs' Supplemental Opposition, as our review reflects the trial court erred by granting Equipco's Motion for Summary Judgment from reviewing the Motion for Summary Judgment and the first Opposition.

"Even though summary judgment is now favored, it is not a substitute for a trial on the merits, and it is inappropriate for judicial determination of subjective facts, such as motive, intent, good faith, or knowledge that calls for credibility determinations and the weighing of testimony." *Stewart Title of Louisiana v. Chevron, U.S.A., Inc.*, 12-1369, p. 6 (La. App. 4 Cir. 3/27/13), 112 So. 3d 949, 952. "Additionally, the circumstantial evidence usually necessary for proof of motive or intent requires the trier-of-fact to choose from competing inferences, a task not appropriate for a summary judgment ruling." *FMC Enterprises, L.L.C. v. Prytania-St. Mary Condominiums Ass'n, Inc.*, 12-1634, p. 16 (La. App. 4 Cir. 5/15/13), 117 So. 3d 217, 228.

Upon our review, we find Equipco's Motion for Summary Judgment was erroneously granted, which resulted in a substitution of a trial on the merits.  Equipco presented evidence that Plaintiffs were not owed money on the notes because the debts were extinguished due to conversion of the debt into equity.  The issue of whether Plaintiffs' promissory notes were satisfied or extinguished is replete with questions concerning intent, credibility, and the weighing of evidence.

The notes were presented, along with expert testimony based on review of Equipco's business records.  This evidence regarding whether there was want of consideration or that the debt was converted to equity in Equipco or not must be weighed by the factfinder.  Accordingly, we find that Equipco was not entitled to judgment as a matter of law because numerous genuine issues of material fact

15

remain. The judgment of the trial court is reversed, and the matter remanded for further proceedings consistent with this opinion.

### DECREE

For the above-mentioned reasons, we find the trial court correctly denied Plaintiffs' Motion for Summary Judgment, as genuine issues of material fact remain regarding whether Equipco is obligated to pay the notes. Likewise, we find the trial court erred by granting Equipco's Motion for Summary Judgment. Summary judgment is not a substitute for a trial on the merits. Numerous genuine issues of fact remain regarding the notes, which requires the factfinder to weigh evidence, assess credibility, and determine intent. As such, we reverse the trial court's grant of Equipco's Motion for Summary Judgment and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**