CUTRER, Judge.
This appeal arises from the issuance of a permanent injunction by the trial court enjoining the sheriff from issuing or signing a sheriff’s deed or proces verbal in connection with property adjudicated by executory process.
The facts presented in this case are:
Gilbert Guillory was the owner of a certain 5.2 acre tract of land in Rapides Parish, Louisiana, known as Monroe’s Motel & Truck Stop. This property was sold by Gilbert to his brother, Carl Wayne Guillory, who, on June 5, 1973, executed an act of mortgage on the property in the amount of $60,000.00 in Gilbert’s favor. This mortgage secured a demand note in the same amount made payable to bearer which was also given to Gilbert.
During the intervening years, Carl could not pay the mortgage on the property; he was barely able to service the interest accruing on the debt. Carl then decided to sell the property to defendant, Joseph Wayne Fontenot. Fontenot assumed the debt owed by Carl to Gilbert. However, Gilbert, knowing of his brother’s inability to pay, novated the debt owed by him and placed Fontenot as the sole mortgagor responsible for payment of the debt. This sale and assumption by Fontenot occurred on March 3, 1978. The novation executed by the parties was confected and included within that instrument.
On September 28,1978, Fontenot, by cash sale and assumption of mortgage, sold two tracts of land, one of which was the one he purchased from Carl Guillory, to Texas Crude Production, Ltd. (Texas Crude), a partnership consisting of Francis B. “Chris” Freeman, Jr., David W. Beck and David H. McMullen. Freeman represented the partnership. Texas Crude assumed the mortgage held by Gilbert Guillory which at that time amounted to $67,500.00 in principal and $506.25 in interest.
On February 12, 1979, Texas Crude sold the tract in dispute to Jean way Investment Corporation (Jeanway), which was also represented by Freeman. The purchase price included the mortgage which Texas Crude had assumed from Fontenot.
Freeman failed to pay on the mortgage. Gilbert Guillory, in need of money, cosigned a loan at the Guaranty Bank of Mamou on Freeman’s behalf in the sum of *330 $66,000.00 which they agreed would pay off the mortgage on the property. Gilbert pledged the mortgage he held on the property as security on the loan. The loan was perfected on June 15, 1979, with payment due September 15, 1979. The due date came and the loan remained unpaid. Gilbert contacted his attorney who contacted Freeman. Freeman extended the loan for thirty days by paying the accrued interest and attorney’s fees. Upon expiration of the extension, Gilbert foreclosed upon the mortgage by executory process. He filed suit against his primary mortgagor, Fontenot; a writ of seizure and sale issued and the property was subsequently adjudicated to Fontenot.
Before the sheriff filed the deed or proc-es verbal recognizing the sale of the property to Fontenot, Jeanway filed suit to have the adjudication set aside and declared null and void. This suit has been held in abeyance pending the resolution of the subsequently filed petition for injunctive relief.
On April 14, 1980, Jean way filed suit for a temporary restraining order, a preliminary injunction and also a permanent injunction prohibiting the sheriff from issuing a deed or proces verbal in the March 26, 1980 sale.[1] The temporary restraining order was extended until a hearing on the preliminary injunction could be had. The hearing was first had in part on April 28, 1980 and concluded on March 16, 1981. An oral judgment was handed down on April 24, 1981, and signed May 6, 1981, which granted the preliminary injunction. On August 14,1981, the parties agreed that the testimony adduced on the hearing for the preliminary injunction would be sufficient for a ruling on the permanent injunction. The court adopted its reasons and ruling in the preliminary injunction, thus granting the permanent injunction. A judgment to that effect was signed August 17, 1981. Fontenot appealed.
Jeanway alleges numerous substantive defects which it claims renders the executo-ry process null and void. The existence of substantive defects in the executory proceedings, however, is not at issue on appeal. This was agreed to by counsel upon oral argument.
The issue on appeal is whether Jeanway is entitled to maintain this action to enjoin the sheriff from executing the deed or filing a proces verbal in connection with the property adjudicated to Fontenot by virtue of the executory proceedings.
The general rule governing defenses and procedural objections to an executory process are set forth in LSA-C.C.P. art. 2642 providing that such defenses or objections can only be asserted: (1) through an injunction to arrest the seizure and sale; or (2) by a suspensive appeal from the order directing the issuance of a writ of seizure and sale, or both.
By jurisprudential rule, however, an exception to the general rule of LSA-C.C.P. art. 2642 has been developed. In the case of Reed v. Meaux, 292 So.2d 557 (La.1974), the Supreme Court held that a sale through executory process can be attacked by means of a direct action, filed after the sale had been recorded by the sheriff, solely on the ground that there were substantive defects in the proceedings which strike at the foundation of the executory proceeding, provided that the property was adjudicated to and remains in the hands of the foreclosing creditor.
Subsequent to Reed, supra, LSA-R.S. 13:4112 was enacted. The pertinent part of the statute provides as follows:

“No action may be instituted to set aside or annul the judicial sale of immovable property by executory process by reason of any objection to form or procedure in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, where the sheriff executing the foreclosure has either filed the proces verbal of the sale or filed the sale for recordation in the conveyance records of the parish. ..

*331 Counsel for Fontenot cites Reed, supra, contending that Jeanway cannot maintain the suit for injunctive relief since Fontenot was not the foreclosing creditor. Fontenot contends that the rule of Reed, supra, applies and that it is not affected by R.S. 13:4112. We disagree. We conclude that R.S. 13:4112 specifically authorizes the in-junctive procedure herein.
In Reed, supra, the suit was filed after the proces verbal and sale had been recorded. In the case at hand, the suit for injunc-tive relief was filed after the property was adjudicated to Fontenot by virtue of the executory proceedings, but before the sheriff had filed the proces verbal of the sale or had filed the sale to Fontenot in the conveyance records. Such a procedure is clearly authorized by R.S. 13:4112.
This statute prohibits an attack upon the validity of a judicial sale by executory process after the recordation of the proces verbal of the sale or the recordation of the sale by the sheriff. The statute does not limit the attack to those instances where the property is adjudicated to the foreclosing creditor. It follows, therefore, that an attack on the validity of the sale by executory process can be made under the statute even though the adjudication was not made to a foreclosing creditor, provided that such attack is made prior to the recordation of the proces verbal or the recordation of the sale. This suit, having been filed before the rec-ordation of the proces verbal or the recordation of the sale to Fontenot, is authorized by LSA-R.S. 13:4112.
There being no dispute that substantive defects existed in the executory process, the trial court properly rendered judgment granting the permanent injunction.
For these reasons, the judgment of the trial court shall be affirmed. The costs of this appeal are assessed to appellant, Joseph W. Fontenot.
AFFIRMED.

. The suit for injunctive relief was filed in the suit for executory process and, thus, the titles and numbers of the two suits are the same.