GARRETT, J.
h The plaintiff, Green Tree Servicing, LLC (“Green Tree”), the successor by merger of Walter Mortgage Company, LLC (‘Walter”), appeals from a trial court judgment annulling, vacating, and setting aside a sheriffs sale deed. For the following reasons, we reverse and vacate the trial court judgment.
FACTS
In order to understand the progression of this convoluted case, an explanation of the confusing chain of events leading to the judgment annulling the sheriffs sale is necessary. In December 2011, Walter filed a petition for executory process, naming as defendants Oscar Turner, Bettie Mae Law Turner,[1] and their son, Rodrick G. Turner. Walter alleged that it was the holder of a promissory note executed by the defendants in 2003, payable in monthly installments, and secured by a mortgage on immovable property, which appears to be the defendants’ house. The mortgage contained a confession of judgment. Walter claimed that the defendants failed to make the payment due on November 5, 2008, or any payments since that time, and that they owed the balance due on the note, $94,083.29, together with attorney fees. Walter requested that a writ of seizure and sale be issued directing the Caddo Parish Sheriff to seize, advertise, and, sell the property without benefit of appraisement. Judge Leon Emanuel signed an order directing that a writ of seizure and sale issue to the sheriff, commanding the seizure and sale of the property. The writ of seizure and sale was duly issued on December 15, 2011. A sheriffs sale was apparently |2scheduled. For reasons unexplained in this record, it was postponed. On January 17, 2014, Green Tree filed an amended petition alleging it was the successor by merger with Walter. It also substituted as defendants the unopened successions of Oscar Turner and Bettie Mae Law Turner, and maintained Rodrick Tur *428 ner as a defendant. Green Tree alleged that the balance due on the note had increased to $104,477.54. Green Tree also fíled a motion for the appointment of attorneys to represent the unopened successions. That motion was granted and the attorneys appointed for the unopened successions later filed reports into the suit record detailing unsuccessful attempts to make any contact.[2]
Attached to the amended petition was another order for a writ of seizure and sale, to be directed to the sheriff. The order was not signed and bears the handwritten notation “(Unsigned—premature— MAP—2/26/14).” The initials are those of Judge Michael A. Pitman, who later rendered the judgment which is the subject of this appeal.
On May 19, 2014, at Green Tree’s request, an attorney was appointed for Rodrick Turner. That attorney filed a general denial answer on Turner’s behalf, but there is no report in the record detailing attempts to contact him. The sheriffs sale was eventually held on November 26, 2014, and the property was adjudicated to Green Tree.
On April 24, 2015, the Caddo Parish Sheriff filed in the executory process suit record a pleading entitled “Motion for Instructions.” The motion explained that, in accordance with the writ of seizure and sale issued I,qpn December 15, 2011, a sheriffs sale was conducted on November 26, 2014, and the property was adjudicated to Green Tree. A procés verbal was filed on December 29, 2014. On March 16, 2015, Green Tree obtained a writ of possession from the court ordering the sheriff to place it in possession of the property and to eject all occupants from the premises.[3] While the sheriffs office was preparing to execute this writ, it was contacted over the telephone by an attorney purporting to represent one or more of the defendants. The attorney claimed that the sheriffs sale was not lawfully conducted and the writ of possession should not be executed. Green Tree requested that the sheriff proceed with the writ. Caught in the middle, the sheriff filed the Motion for Instructions, noting that it had no interest in the proceedings other than the proper discharge of the duties of the office. The sheriffs motion sought the following relief:
WHEREFORE, the Sheriff prays that the plaintiff and defendants be served with this motion and directed to show cause why the court should not enter instructions either recalling the writ of possession or directing the Sheriff of Caddo Parish to execute it, and that after due proceedings had the court give further instructions to the Sheriff as to whether he should execute the writ of possession or whether it will be recalled.
A rule to show cause on the sheriffs motion, directed to Green Tree, the two unopened successions, and Turner, was set for June 29, 2015.
Green Tree filed a response to the sheriffs motion, requesting that the sheriff be ordered to execute the writ of possession. Green Tree maintained that the sheriffs sale was valid based on the original writ of *429 seizure and sale issued in December 2011, Green Tree urged that the unsigned writ of seizure and sale connected with the amended petition was a procedural Rdefect and any objection to it was waived because the defendants failed to raise an objection prior to the sale by filing a suit for injunction or a suspensive appeal, as required by law.
On June 19, 2015, the attorney retained by Turner filed a motion to enroll and a “response” to the sheriffs motion. In the response, Turner argued that the sheriffs sale was not lawfully conducted because the amended petition was not approved by the trial court. Turner claimed that the amended petition was denied as premature by the trial court because no documents were attached to show that Green Tree was the successor by merger to Walter. Turner urged that this was a due process issue and not procedural only. He claimed that the failure to obtain judicial approval for the filing of the amended petition was fatal to the proceedings. Turner maintained that the sheriffs sale was not conducted based upon the December 2011 writ of seizure and sale because the parties had changed. Turner argued that he was not required to raise the issue of nullity prior to the sale. He cited Tapp v. Guar. Fin. Co., 158 So.2d 228 (La. App. 1st Cir. 1963), writs refused, 245 La. 640, 641, 160 So.2d 228 (1964), a case which has been legislatively overruled, in support of his argument that nullity of the sale could be asserted as late as on appeal.[4]
|r,In response to Turner’s brief, Green Tree argued that the sole question before the court was whether the sheriff could execute the writ of possession. Green Tree maintained that it was procedurally improper for the court to decide whether the sale should be declared null where Turner had not filed a petition for injunction or a suspensive appeal properly raising the issue. Green Tree claimed that, because Turner failed to raise, prior to the sale, the procedural issue of whether there was sufficient authentic evidence to support Green Tree’s substitution as plaintiff, the objection was waived. Green Tree also pointed out that it was unclear why the trial court refused to sign the second order for a writ of seizure and sale. It claimed that Turner’s assertion that the court refused to sign because of a lack of authentic evidence was speculation. Without waiving its objection to Turner’s attempt to obtain a ruling annulling the sale, Green Tree argued that the sale was proper and Turner’s allegations of nullity were untimely.
The hearing held on June 29, 2015, consisted of oral arguments by counsel. The sheriff maintained that it executed on the original writ of seizure and sale issued in December 2011, which was still extant. The sheriff also claimed that notice was properly given to Turner, who was served on January 26, 2012, by domiciliary service, with the 2011 writ of seizure and sale.
At the argument, Turner raised additional complaints about the seizure and sale which were not contained in the re *430 sponse filed with the court. He strenuously maintained that substantive due process issues existed. Turner’s counsel argued that his client was blind and never got notice of the amended petition. Turner contended that the seizure and sale was not based on the writ of seizure signed by the court in 2011, but on the unsigned order [ (¡connected with the amended petition filed in 2014. Because the second order was not signed, Turner argued that the sheriffs sale was an absolute nullity. According to Turner, the original writ of seizure and sale was no longer valid. Turner also urged that no attorney should have been appointed for him because he is not deceased, an absentee, or a nonresident.
Responding to Turner’s arguments, Green Tree contended that, under La. C.C.P. art. 1151, judicial approval of the amended petition was not necessary. In response to Turner’s argument that Green Tree had not provided evidence that it was the successor by merger to Walter, Green Tree, without any objection, filed the act of merger into evidence. Green Tree maintained that the first writ of seizure and sale, issued in 2011, was still effective and the fact that the order attached to the amended petition was not signed by the court did not affect the validity of the sale.
After argument, Turner’s attorney was granted 15 days to file a post-motion brief and responses were to be filed 15 days after that. In a document termed a “supplemental response,” Turner urged that the original notice for the writ of seizure and sale was directed to different parties from those in the amended petitions. Turner stated that he did not receive notice of the second writ of seizure and sale. He reiterated his argument that the appointment of an attorney to represent him was improper because he was not a nonresident, absentee, or deceased.
Green Tree filed a reply to the “supplemental response,” again arguing that the case was not in the proper procedural posture to invalidate the sheriffs sale because Turner did not file an injunction, a suspensive appeal, or a direct action to annul. Green Tree also maintained that the seizure and sale was proper under the original writ signed in 2011, and that 17Turner’s due process rights were not violated. Green Tree maintained that the appointment of an attorney to represent Turner was proper and that Turner’s argument that he did not receive notice of the seizure from the attorney appointed to represent him does not impact the validity of the sheriffs sale according to La. C.C.P. art. 5098.
On September 9, 2015, an oral ruling was rendered in open court in favor of Turner. The court noted that it did not sign the new order for issuance of a writ of seizure and sale because Green Tree had requested the appointment of attorneys to represent the unopened successions. Therefore, the court deemed the writ to be premature.[5] Based upon its reasoning that Green Tree proceeded with the sheriffs sale without a signed order, the trial court annulled and vacated the sheriffs sale. On September 9, 2015, the trial court signed a judgment in favor of the unopened successions and Turner, against Green Tree, annulling, vacating, and setting aside the sheriffs sale deed resulting from the sheriffs sale on November 26, 2014.[6]
*431 Green Tree filed an application for supervisory writs which was later treated as an order of appeal, and now the matter is before us.
On appeal, Green Tree asserts that the trial court erred in annulling, vacating, and setting aside the sheriffs sale. From a procedural standpoint, it asserts that the sole issue posed before the court below was whether the sheriff possessed the authority to execute on the writ of possession. Green Tree urges that Turner has not properly or legally raised any objections to the seizure and sale by seeking an injunction prior to the sale, taking a Issuspensive appeal from the order of sale, or filing an ordinary suit to annul the sale on the basis of a substantive defect. From a substantive standpoint, Green Tree also maintains that the trial court erred in failing to find that the property remained seized from the writ of seizure and sale signed in December 2011. Green Tree urges that the trial court erred in failing to instruct the sheriff to place it in possession of the property.
WHETHER TURNER’S OBJECTIONS TO THE EXECUTORY PROCESS PROCEEDINGS WERE PROPERLY BEFORE THE COURT
Green Tree argues that Turner did not properly raise its objections to the seizure and sale. It urges that Turner was required by our law to raise any objections by seeking an injunction prior to the sale, taking a suspensive appeal from the order of sale, or filing an ordinary suit to annul the sale on the basis of a substantive defect. Because Turner failed to properly raise objections to executory process, Green Tree contends that the trial court erred in annulling the sheriffs sale. These arguments have merit.
Legal Principles
Three different modes of procedure are used in civil matters in the trial courts of this state: ordinary, summary, and execu-tory. The articles in Book II of the Louisiana Code of Civil Procedure govern ordinary proceedings, which are to be used in the district courts in all cases, except as otherwise provided by law. Summary and executory proceedings are regulated by the provisions of Book V. See La. C.C.P. art. 851. The present matter involves an executory proceeding.
An executory proceeding in Louisiana is an in rem action derived from the civil law; it provides a simple, expeditious, and inexpensive procedure by which creditors may seize and sell property upon which they 19enjoy a mortgage or privilege. Executory process is regarded as a harsh remedy, requiring for its use a strict compliance by the creditor with the letter of the law. First Guar. Bank, Hammond, La. v. Baton Rouge Petroleum Ctr., Inc., 529 So.2d 834 (La. 1987). See also Moore v. Louisiana Bank & Trust Co., 528 So.2d 606 (La. App. 2d Cir. 1988), writ denied, 531 So.2d 269 (La. 1988).
Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law. La. C.C.P. art. 2631. A person seeking to enforce a mortgage or privilege on property in an execu-tory proceeding shall file a petition therefor, praying for the seizure and sale of the property affected by the mortgage or privilege. See La. C.C.P. art. 2634. La. C.C.P. arts. 2635 through 2637 outline the evidence which must be presented.
If the plaintiff is entitled thereto, the court shall order the issuance of a writ of seizure and sale commanding the sheriff to *432 seize and sell the property affected by the mortgage or privilege, as prayed for and according to law. La. C.C.P. art. 2638. Citation is not necessary in an executory proceeding. La. C.C.P. art. 2640.
Under the statutory scheme for ex-ecutory proceedings, the sheriff is only required to serve upon a defendant the written notice of the seizure of the subject property after the order has been signed. See La. C.C.P. art. 2721. The only other notice required is the legal advertisement of the sheriffs sale. Henderson v. Kingpin Dev. Co., 2001-2115 (La.App. 1 Cir. 8/6/03), 859 So.2d 122. As stated in Michael H. Rubin & E. Keith Carter, Notice of Seizure in Mortgage Foreclosures and Tax Sale Proceedings: The Ramifications of Mennonite, 48 La. L. Rev. 535, 542-543 (1988):
Immediately upon the filing of the suit, the judge reviews the petition for execu-tory proceeding along with the attached documents and affidavits. If all is in order, the judge orders that a writ of seizure and sale be issued. Citation and service of process, are not necessary in an executory [proceeding]. The sheriff constructively seizes the property by recording the writ in the public records. If the mortgagor has waived the right to receive a demand for payment, the only notice he receives is of the seizure itself, after the in rem judgment has been rendered and the property constructively seized.
The execution of a writ of seizure and sale is governed by La. C.C.P. arts. 2721-2725. The sheriff shall seize the property affected by the mortgage, security agreement, or privilege immediately upon receiving the writ of seizure and sale. The sheriff shall serve upon the defendant a written notice of the seizure of the property. Such notice of seizure shall be accomplished by personal service or domiciliary service. The notice of seizure shall reproduce in full the provisions of Article 2642 and include information concerning the availability of housing counseling services, as well as the time, date, and place of the sheriffs sale, in accordance with the form provided in La. R.S. 13:3852(B). See La. C.C.P. art. 2721. The sheriff shall not be required to serve any further notice of rescheduled sale dates provided he has not returned the writ to the clerk of court. La. R.S. 13:3852(C). See also Chase Manhattan Mortg. Corp. v. Lassiter, 04-484 (La. App. 5th Cir. 11/30/04), 889 So.2d 1155.
The Louisiana Code of Civil Procedure specifically provides the procedure for raising defenses and procedural objections to an executory proceeding. La. C.C.P. art. 2642 states in pertinent part:
A, Defenses and procedural objections to an executory proceeding may be asserted either through an injunction _Jjjproceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.
The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed. La. C.C.P. art. 2751. The petition for injunction shall be filed in the court where the executory proceeding is pending, either in the executory proceeding or in a separate suit. La. C.C.P. art. 2752.
Injunction proceedings and suspen-sive appeals from the order directing the issuance of the writ of seizure and sale are aimed at stopping the executory proceed *433 ing before the property is sold. When the creditor improperly causes the debtor’s property to be sold, the debtor may, under certain circumstances, have the sale annulled, even though he has failed to prevent it by injunction or suspensive appeal. If the creditor is the adjudicatee at the sale, the debtor may attack that sale based solely on substantive defects in the execu-tory proceeding, such as fraud, lack of notice, or ül practices by the creditor. See Brown v. Everding, 357 So.2d 1243 (La. App. 2d Cir. 1978); Taurus Leasing Corp. v. Chalaire, 400 So.2d 303 (La. App. 4th Cir. 1981), writ denied, 406 So.2d 604 (La. 1981); Gulf Coast Bank & Trust Co. v. Warren, 2012-1570 (La. App. 4th Cir. 9/18/13), 125 So.3d 1211; Plumbing Supply House, Inc. v. Century Nat’l Bank, 440 So.2d 173 (La. App. 4th Cir. 1983), writs denied, 444 So.2d 1226 (La. 1984); Wells Fargo Bank, N.A. v. Thompson, 14-3 (La. App. 5th Cir. 5/21/14), 142 So.3d 182; Chase Home Fin., LLC v. Vance, 15-115 (La. L App. 5th Cir. 10/14/15), 177 So.3d 136, writ denied, 2015-2180 (La. 2/5/16), 186 So.3d 1166. See also Reed v. Meaux, 292 So.2d 557 (La. 1973); Paciera v. Augustine, 518 So.2d 1164 (La. App. 5th Cir. 1988), writ denied, 522 So.2d 1095 (La. 1988).[7]
Objections as to the lack of authentic evidence or as to minor defects of form or procedure may not be used as grounds for an action to annul a judicial sale of immovable property after recordation of the sheriffs sale or procés verbal in accordance with executory process. La. R.S. 13:4112; Hibernia Nat’l Bank v. Lankster, 578 So.2d 535 (La. App. 4th Cir.1991); Deutsche Bank Nat’l Trust Co. v. Carter, 10-663 (La. App. 5th Cir. 1/25/11), 59 So.3d 1282, writ denied, 2011-0392 (La. 4/8/11), 61 So.3d 691.
Without evidence of substantive defects in the executory proceedings to nullify a completed seizure and sale, the debtor has no cause of action for damages from a lawful seizure and sale. Gulf Coast Bank & Trust Co. v. Warren, supra. The debtor may not annul the sale if the property is in the hands of an innocent third person. First Guar. Bank, Hammond, La. v. Baton Rouge Petroleum Ctr., Inc., supra.
Our courts have stated that any attempt to nullify a sheriffs sale authorized by executory process must be brought in a direct action, which is an ordinary proceeding. Deutsche Bank Nat’l Trust Co. v. Carter, supra, citing Reed v. Meaux, supra; Tidwell v. Goston, 371 So.2d 299 (La. App. 2d Cir. 1979). A direct action means “that the party praying for the nullity of a judgment, before the court which has rendered same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits.” Deutsche Bank Nat’l Trust Co. v. Carter, supra. Ordinary proceedings contemplate the filing of a petition setting out all causes of action out of, and the material facts of, the transaction or occurrence that is the subject matter of the litigation. See La. C.C.P. art. 891. A motion filed in the same action as the suit for executory process filed by the creditor has been held not to be a petition filed in a direct action; the claim to have a seizure and sale declared a nullity was vacated. *434 See Deutsche Bank Nat’l Trust Co. v. Carter, supra.[8]
Discussion
The law is clear that there are three methods of raising objections or defenses to an executory proceeding. Turner did not raise any objection to executory process prior to the sale, either by instituting an injunction proceeding or bringing a suspensive appeal from the order directing the issuance of the writ of seizure and sale. Under these circumstances, Turner was limited to filing a direct action by ordinary process, seeking to have the sale annulled based upon substantive defects. Turner has only filed “responses” to a sheriffs motion for instructions. As in Deutsche Bank Nat’l Trust Co. v. Carter, supra, this was not legally sufficient to properly present any substantive defects to the trial court.
114The wisdom of requiring that substantive defects be asserted by filing a direct action in an ordinary proceeding is amply demonstrated by the progression of this matter through the lower court. This controversy began with a telephone call and then progressed with a scattershot of arguments made in briefs and oral arguments. This is not how disputes are to be raised and resolved. Filing a direct action in an ordinary proceeding requires Turner to set forth succinctly, in a petition, all of his grounds for seeking to annul the sheriffs sale. After proper service and citation, Green Tree would then have an opportunity to answer and defend against those claims. In this matter, Turner has basically presented a constantly moving target which was never contained in a lawsuit. His claims have changed, evolved, and expanded with each response, and even on appeal.
As explained above, Turner’s initial response to the sheriffs motion argued that Green Tree did not have the approval of the trial court to amend the executory process proceeding and had failed to show that it was the successor by merger to Walter. We note that under La. C.C.P. art. 1151, in ordinary proceedings, a petition may be amended at any time before the answer is served. In executory process proceedings, answers are not contemplated under the statutory scheme. Even if La. C.C.P. art. 1151 were applicable here, approval of the court would not be necessary to amend the petition. Further, at the hearing on the sheriffs motion, Green Tree presented evidence of the merger with Walter, thus answering any objection in that regard.[9]
|15When the parties appeared before the court on the sheriffs motion, Turner verbally raised new substantive due process issues not included in his initial response. He urged that he was blind, that he did not get notice of the amended petition, and that no attorney should have been appointed to represent him because he is not a nonresident, absentee, or deceased.
In his brief on appeal, Turner now argues for the first time that the seizure and sale were obtained by “ill practices” because Oscar and Bettie Mae Law Turner did not get notice of the first writ of *435 seizure and sale since they were deceased at that time and no attorney had been appointed to represent them. Turner also argues that, under the law in effect in 2012, service of notice of the writ of seizure and sale through domiciliary service upon him was insufficient.
The trial court, and now this court, were faced with changing contentions regarding the validity of the seizure and sale. The trial court erred in annulling the seizure and sale under these circumstances because the case has never been in the proper procedural posture for such a ruling. Simply put, Turner has failed to properly present his claims to the trial court. The filings in the record are legally insufficient to raise the various claims asserted by Turner as the case has progressed.
Although Green Tree participated in the hearing on the sheriffs motion for instructions, it has steadfastly maintained that it was not conceding that Turner’s claims were properly raised, and reserved all its rights. Every response or brief filed by Green Tree, both below and before this court, has consistently maintained that Turner has not properly raised his annulment arguments. Thus, we are not persuaded by Turner’s argument on 11flappeal that the pleadings were somehow expanded by the implied consent of the parties.
In the present case, because Turner failed to raise defenses or procedural objections to the executory proceeding by filing an injunction proceeding or bringing a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both, he was limited to an ordinary proceeding to assert substantive errors. As in Deutsche Bank Nat’l Trust Co. v. Carter, supra, motions or responses filed in the executory proceeding itself are procedurally insufficient to raise such claims. Due to the fact that Turner’s claims were not properly raised, the trial court erred in annulling the seizure and sale. Accordingly, we reverse and vacate that judgment. We pretermit consideration of Green Tree’s arguments that the trial court erred in fading to find that the property remained seized under the December 2011 writ of seizure and sale and whether the trial court erred in failing to place Green Tree in possession of the property.
CONCLUSION
For the reasons stated above, we reverse and vacate the trial court judgment in favor of Turner and his parents’ unopened successions, annulling, vacating, and setting aside the sheriffs sale deed in this matter. Costs in this court are assessed to the defendant, Rodrick G. Turner.
REVERSED; JUDGMENT VACATED.

. Although the cover of the record lists the second defendant as Bessie Mae Law Turner, the pleadings consistently refer to her as Bettie Mae Law Turner.

. One of the attorney reports contains a copy of a notice of seizure and sale issued on March 21, 2014, by the Caddo Parish Sheriff to the unopened succession of Bettie Mae Law Turner, stating that the property was being seized under the original writ of seizure and sale issued by the court on December 15, 2011. The notice listed Green Tree as the plaintiff and the unopened successions and Rodrick Turner as the defendants. A sale was scheduled for June 11, 2014.

. This document, along with many others mentioned in briefs, are not contained in the record.

. Tapp did not hold that the nullity of execu-tory proceedings could be raised for the first time on appeal. Tapp involved four separate lawsuits, one of which was an ordinary suit by the debtor alleging nullity. Turner’s attorney misread the following language from Tapp:
It appears from the record that the plaintiff herein, Oliver C. Tapp, did not consult an attorney prior to the instant suit and took absolutely no action in any of the previous proceedings. The nullity of the foreclosure proceedings under executory process is complained of here for the first time.
This refers to the suit filed by Tapp in the district court claiming that the seizure and sale was a nullity. Tapp did not raise the issue for the first time on appeal. If anything, Tapp instructs that an ordinary suit is necessary to assert nullity.

. At the hearing in June, however, the trial court stated that it could not remember why the order was deemed to be premature and not signed.

. We note that neither of the unopened successions participated in the proceedings leading up to the ruling and counsel for Rodrick Turner does not represent the unopened successions.

. Under Reed v. Meaux, supra, the supreme court allowed direct actions to annul executo-ry proceedings which were based upon fundamental defects as opposed to minor defects of form or procedure. In 1975, the legislature added La. R.S. 13:4112, prohibiting actions to annul completed judicial sales of immovable property by executory process by reason of any objection to form or procedure or lack of authentic evidence in the executory proceeding. First Guar. Bank, Hammond, La. v. Baton Rouge Petroleum Ctr., Inc., supra.

. See and compare Acme Mortg. Co. v. Cross, 464 So.2d 945 (La. App. 4th Cir. 1985), in which the debtor filed for an injunction to stop a seizure and sale, the injunction was denied, and the debtor appealed devolutively. The property was sold while the appeal was pending and the fourth circuit dismissed the appeal as moot.

. La. C.C.P. art. 2637(D) provides that authentic evidence of a merger is not required, It may be proved by a verified petition or supplemental petition, or by an affidavit or affidavits submitted by an appropriate officer of the successor entity.