STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2022 CA 1368

WELLS FARGO BANK, N.A.

VERSUS

JOHN T. DOYLE AND DEBORAH THERIOT DOYLE A/K/A DEBORAH
ANN THERIOT DOYLE

**Judgment Rendered:** NOV 0 9 2023

* * * * * *

Appealed from the
Twenty First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Suit Number 161530

Honorable William S. Dykes, Presiding

* * * * * *

| | |
|---|---|
| Garth J. Ridge<br>Baton Rouge, LA | Counsel for Defendant/Appellant<br>John T. Doyle |
| Elizabeth Crowell Price<br>Monroe, LA | Counsel for Plaintiff/Appellee<br>Wells Fargo Bank, N.A. |
| Christopher D. Meyer<br>Jackson, MS | |

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

J. LANIER concurs without reasons

Chutz, J — Concurs

**GUIDRY, C.J.,**

Defendant, John Doyle, appeals from a trial court judgment granting a Motion to Set Aside Sheriff's Sale and Reinstate Liens and Mortgages filed by plaintiff, Wells Fargo Bank, N.A. (Wells Fargo), *ex parte*. For the reasons that follow, we vacate the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

On December 3, 2018, Wells Fargo filed a Petition to Enforce Security Interest by Ordinary Process, naming John Doyle and Deborah Theriot Doyle as defendants (the Doyles), seeking to enforce a note and mortgage executed by the Doyles (foreclosure proceeding). Wells Fargo alleged that the Doyles defaulted on the note and mortgage by failing to pay, when due, the monthly installments as required. Wells Fargo sought a judgment for the amounts due under the note and mortgage and sought a judgment declaring that the mortgage in favor of Wells Fargo be recognized and declared enforceable.[1]

When defendants failed to answer or respond to Wells Fargo's petition, Wells Fargo filed a motion for preliminary default, which the trial court granted on April 15, 2019. Thereafter, the trial court signed a judgment confirming the default judgment rendered in favor of Wells Fargo and against defendants, granting Wells Fargo relief as prayed for in the petition. The property listed in the mortgage was subsequently sold to Wells Fargo at a sheriff's sale on January 3, 2020.

Thereafter, on January 4, 2021, Wells Fargo filed a Petition to Set Aside Sheriff's Sale and Reform Mortgage in the same proceeding, naming the Doyles as defendants. Wells Fargo sought a judgment annulling the sheriff's sale and declaring that the annulled sheriff's sale had no effect on the debt the Doyles owed

---

[1] The Doyles obtained a loan from Wachovia Mortgage Corporation (Wachovia), which loan was secured with a mortgage executed by the Doyles in favor of Wachovia. Wachovia thereafter merged with Wells Fargo on August 30, 2011, with Wells Fargo being the surviving entity in the merger, succeeding to all of the rights and interests owned by Wachovia.

2

to Wells Fargo or on Wells Fargo's mortgage over the Doyles' property. Wells Fargo also requested that the legal description of the property encumbered by the mortgage be reformed to conform to the parties' mutual intent. Particularly, Wells Fargo alleged that the Doyles had purchased two parcels of immovable property, namely Lot 148-A and 148-A-1, with a residence situated on Lot 148-A. However, while the loan and supporting mortgage documents reference both parcels, the mortgage executed by the Doyles only encumbered Lot 148-A-1. As such, Wells Fargo alleged that the parties intended for the entirety of the property to be encumbered by the mortgage, and therefore a portion of the property encumbered by the mortgage was omitted from the property description attached to the mortgage. Therefore, Wells Fargo alleged the legal description set forth in the foreclosure proceeding and subject to sheriff's sale was incorrect and requested that the trial court annul the sheriff's sale, recognize the defendants' debt under the note is still valid and outstanding, and issue a declaratory judgment reforming the property description to conform with the parties' intent.

Mr. Doyle answered the petition on April 30, 2021, generally denying Wells Fargo's allegations and pleading the dilatory exception raising the objection of improper cumulation of actions and the peremptory exception raising the objections of no cause of action and prescription.[2] Wells Fargo, thereafter, filed a memorandum in opposition to Mr. Doyle's exceptions and requested that the trial court set a hearing on the exceptions. The hearing was set for February 22, 2022, but neither Mr. Doyle nor his counsel appeared at the hearing. At the conclusion of the hearing, at which only the exceptions were considered, the trial court denied the exception raising the objections of no cause of action and prescription. However, the trial court

---

[2] Mrs. Doyle died prior to Wells Fargo's filing of its Petition to Set Aside Sheriff's Sale and Reform Mortgage. Because her heirs were unknown and no succession representative had been appointed, the trial court appointed a curator ad hoc to represent her in the action. The attorney so appointed filed an answer to the petition, but Mrs. Doyle is not a party to the present appeal.

allowed Wells Fargo thirty days to file a motion to sever to resolve the exception raising the objection of improper cumulation of actions.

On March 7, 2022, Wells Fargo filed a Motion to Sever, requesting that the Petition to Reform Mortgage be severed from the Petition to Set Aside Sheriff's Sale and that the Petition to Reform Mortgage be assigned a new docket number. Wells Fargo attached an order to its motion as well as a proposed Petition to Reform Mortgage and a proposed Motion to Set Aside Sheriff's Sale and Reinstate Liens and Mortgages. On that same date, Wells Fargo also filed into the record its Motion to Set Aside Sheriff's Sale and Reinstate Liens and Mortgages, with attached judgment.

Thereafter, on March 16, 2022, the trial court signed a judgment denying Mr. Doyle's exceptions. The trial court also signed an order on March 16, 2022, granting Wells Fargo's Motion to Sever and ordering that the Petition to Set Aside Sheriff's Sale and Reform Mortgage is amended to the Motion to Set Aside Sheriff's Sale and Reinstate Liens and Mortgages and shall be received and filed in the proceeding. Finally, on the same date, the trial court signed the judgment submitted by Wells Fargo with its Motion to Set Aside Sheriff's Sale and Reinstate Liens and Mortgages, *ex parte*, declaring the sheriff's sale null and void, setting the sheriff's sale aside, and reinscribing and reinstating the mortgage in favor of Wells Fargo. Mr. Doyle now appeals, asserting that the trial court erred in granting Wells Fargo's Motion to Set Aside Sheriff's Sale and Reinstate Liens and Mortgages *ex parte* and rendering a final judgment in favor of Wells Fargo.

## RULE TO SHOW CAUSE

On January 6, 2023, this court issued, *ex proprio motu*, a Rule to Show Cause, noting that the notice of judgment in the record indicated that notice of a March 16, 2022 judgment was issued on March 17, 2022. Because the motion and order for appeal, which sought to appeal a judgment signed on March 16, 2022, was filed on

May 31, 2022, this court ordered the parties to show cause by briefs as to whether Mr. Doyle's appeal should or should not be dismissed as untimely. The parties thereafter acknowledged that while notice of the judgment denying Mr. Doyle's exceptions was in the appellate record, the notice of judgment for the March 16, 2022 judgment setting aside the sheriff's sale was not. Therefore, the parties jointly requested that the trial court supplement the appellate record to include this notice of judgment. The appellate record was thereafter supplemented with the judgment setting aside the sheriff's sale and the notice of judgment on August 16, 2023.

From our review of the supplemented documents, it is clear that Mr. Doyle was personally served with the notice of judgment setting aside the sheriff's sale on April 18, 2022. Accordingly, because his motion for appeal was filed on May 31, 2022, within sixty days of the service of notice of judgment, we find the appeal is timely and recall the rule to show cause.

## DISCUSSION

An action to nullify a sheriff's sale authorized by executory process must be instituted as a direct action in an ordinary proceeding. See Reed v. Meaux, 292 So. 2d 557, 560 (La. 1973); see also Walter Mortgage Company, LLC v. Turner, 51,007, p. 12 (La. App. 2nd Cir. 11/16/16), 210 So. 3d 425, 433-34. A direct action means that the party praying for the nullity of a judgment, before the court which has rendered same, must bring his action by means of a petition, and the adverse party must be cited to appear. Deutsche Bank National Trust Company v. Carter, 10-663, p. 8 (La. App. 5th Cir. 1/25/11), 59 So. 3d 1282, 1286, writ denied, 11-0392 (La. 4/8/11), 61 So. 3d 691. A motion seeking to set aside the sale of property is not a direct action; rather it is a summary proceeding which does not require citation and other formalities required in ordinary proceedings. See La. C.C.P. art. 2591; Deutsche Bank National Trust Company, 10-663 at p. 8, 59 So. 3d at 1286.

5

In the instant case, Wells Fargo originally filed a Petition to Set Aside Sheriff's Sale and Reform Mortgage. However, following the hearing on Mr. Doyle's exceptions, Wells Fargo filed a Motion to Sever the Petition to Reform Mortgage from the Petition to Set Aside Sheriff's Sale and amended its Petition to Set Aside Sheriff's Sale to a *Motion to Set Aside Sheriff's Sale and Reinstate Liens and Mortgages* with an accompanying judgment. The trial court signed this judgment, *ex parte*, which declared the sheriff's sale null and void, set aside the sheriff's sale, and reinscribed and reinstated the mortgage in favor of Wells Fargo.

From our review of the record, we find that the trial court erred in rendering judgment in favor of Wells Fargo. Despite Wells Fargo's argument on appeal, the merits of the original Petition to Set Aside Sheriff's Sale were never set for hearing and were not heard before the trial court at the hearing on Mr. Doyle's exceptions. Furthermore, the subsequent Motion to Set Aside Sheriff's Sale and Reinstate Liens and Mortgages sought to summarily determine the merits of Wells Fargo's nullity action without observing the formalities of an ordinary proceeding. Therefore, because such nullity actions can only be determined as part of an ordinary proceeding, the trial court erred in signing the instant judgment annulling the sheriff's sale, setting aside the sheriff's sale, and reinscribing and reinstating the mortgage in favor of Wells Fargo pursuant to Wells Fargo's motion.

## CONCLUSION

For the foregoing reasons, we vacate the trial court's March 16, 2022 judgment declaring the sheriff's sale null and void, setting aside the sheriff's sale, and reinscribing and reinstating the mortgage in favor of Wells Fargo. All costs of this appeal are assessed to Wells Fargo Bank, N.A.

**RULE TO SHOW CAUSE RECALLED; JUDGMENT VACATED.**

6