STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1347

BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY

VERSUS

RONALD W. HOLDEN AND SUSAN REED HOLDEN

*CONSOLIDATED WITH*

2023 CA 1348

BAYVIEW LOAN SERVICING, LLC, A DELAWARE LIMITED LIABILITY COMPANY

VERSUS

RONALD W. HOLDEN AND SUSAN REED HOLDEN

Judgment Rendered: **JUN 0 7 2024**

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
No. 136622 consolidated with No. 154186, Division D

The Honorable Brian K. Abels, Judge Presiding

* * * * *

| | |
|---|---|
| Roy H. Maughan, Jr.<br>Namisha D. Patel<br>Joshua D. Roy<br>Connor S. Thomas<br>Baton Rouge, Louisana | Attorneys for Defendants/Appellants<br>Ronald W. Holden and<br>Susan Reed Holden |
| Katie L. Dysart<br>Camalla K. Guyton<br>New Orleans, Louisiana | Attorneys for Plaintiff/Appellee<br>Bayview Loan Servicing, LLC |

* * * * *

**BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.**

**STROMBERG, J.**

The defendants/appellants, Ronald W. Holden and Susan Reed Holden, appeal the trial court's May 3, 2023 grant of summary judgment in favor of the plaintiff/appellee, Bayview Loan Servicing, LLC. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 25, 1999, the defendants executed a promissory note (the note) payable to Banc One Mortgage Corporation in the principal sum of $260,000.00. The note was payable in monthly installments of principal and interest until paid in full. The note was secured by an authentic act of mortgage on property owned by the defendants located at 37329 Oak Grove Court, Denham Springs, Louisiana 70706. The mortgage contained a provision allowing for execution of the note under either ordinary or executory process, as well as a confession of judgment in favor of the original lender and/or any future holder of the note for all sums. The note and mortgage were subject to a series of assignments leading to the plaintiff allegedly being in possession of the note via a blank indorsement by Wachovia Bank, N.A. Wachovia Bank, N.A. was a successor by merger to First Union National Bank, a named transferee of the note.

In March of 2012, the plaintiff filed a Petition to Enforce Security Interest by Executory Process after the defendants failed to make payments on the note. The plaintiff attached to its petition the note, an allonge[1] to the note, and the defendants' mortgage, as well as four assignments[2] of the mortgage. The allonge

---

[1] An allonge is a "piece of paper annexed to a ... promissory note, on which to write indorsements for which there is no room on the instrument itself. Such must be so firmly affixed thereto as to become a part thereof...." **Pioneer Valley Hosp., Inc. v. Elmwood Partners, L.L.C.,** 2001-453 (La. App. 5 Cir. 10/17/01), 800 So.2d 932, 933, n. 2 (quoting **Black's Law Dictionary** 70 (5th ed. 1979)).

[2] The assignments included: (1) a March 5, 1999 assignment from the original lender, Banc One Mortgage Corporation to HomeSide Lending, Inc., recorded as File Number 434686, Book 604, Page 196; (2) a March 30, 1999 assignment from HomeSide Lending, Inc. to Norwest Mortgage, Inc., recorded as File Number 437153, Book 609, Page 735; (3) a March 8, 2000 assignment

2

was a single page document that identifies the note by one of the defendants' names, Ronald Holden, and the loan amount. It then provided, "PAY TO THE ORDER OF: [blank space] WITHOUT RECOURSE[.]" The next line provided, "WACHOVIA BANK[,] N.A. AS TRUSTEE, SUCCESSOR BY MERGER TO FIRST UNION NATIONAL BANK BY IT'S ATTORNEY-IN-FACT BAYVIEW LOAN SERVICING, LLC." This language was followed by a signature on behalf of Assistant Vice President, A. Forde.[3]

The plaintiff sought and was granted a writ of seizure and sale via an order issued by the trial court on March 30, 2012. In an attempt to avoid foreclosure, the parties made efforts to negotiate towards the restructuring of the debt and the plaintiff voluntarily cancelled the first sale date, which was initially scheduled for May 15, 2012. After negotiations proved fruitless, the sheriff's sale of the property was rescheduled and took place on February 27, 2013, wherein the plaintiff was the winning bidder of the judicial sale. To date, the plaintiff remains the owner of the property. The sheriff did not file the sheriff's return or procès verbal in the Livingston Parish conveyance records until April 23, 2013.

The defendants did not object to or make any judicial efforts to arrest the sale of the property prior to the February 2013 sale. On March 26, 2013, prior to the filing of the sheriff's return or procès verbal, the defendants filed a Reconventional Demand and Injunctive Relief. The defendants alleged that the February 27, 2013 sheriff's sale was absolutely null because the plaintiff was not entitled to enforce the note under La. R.S. 10:3-301.[4] The defendants contested the

---

from HomeSide Lending Inc., f/k/a BancBoston Mortgage Corporation to Bank One, N.A., recorded as File Number 473165, Book 710, Page 412; and (4) a March 16, 2000 assignment from Bank One, N.A. to First Union National Bank, as Indenture Trustee, recorded as File Number 473166, Book 710, Page 414.

[3] We note that the record does not identify who "Assistant Vice President, A. Forde" worked for at the time the allonge was signed.

[4] Louisiana Revised Statutes 10:3-301 provides:

3

validity of the transfer by which the plaintiff claimed to have obtained its right to enforce the note and mortgage. The defendants contended that the plaintiff intentionally misrepresented its status as a holder of the note and a secured party under the mortgage in order to pursue executory proceedings, when in fact, it had no right to enforce the note or the mortgage. Therefore, the defendants sought to annul the judicial sale, as well as injunctive relief and damages, costs, and attorney's fees.

In response, the plaintiff filed a peremptory exception raising the objection of *res judicata* and a dilatory exception raising the objection of improper cumulation of actions. On August 26, 2013, the trial court held a hearing and denied the plaintiff's exceptions and signed a judgment on September 3, 2013.[5] On May 12, 2015, the plaintiff filed a motion and order to amend and supplement the petition for executory process with exhibits. In its petition, the plaintiff added the following exhibits to its Petition to Enforce Security Interest by Executory Process: (1) the assignment of mortgage from Wells Fargo Bank, N.A. to HomeSide Lending, Inc., executed on December 12, 2014 and recorded on December 22, 2014; and (2) the assignment of mortgage from Wachovia Bank,

---

"Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.S. 10:3-309 or 10:3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

[5] From this ruling, the plaintiff filed an application for supervisory review with this court. On January 16, 2014, this court granted the writ application in part, sustaining the dilatory exception raising the objection of improper cumulation of actions, and remanded the matter to the trial court for further proceedings. This court further affirmed the denial of the peremptory exception raising the objection of *res judicata*. See **Bayview Loan Servicing, LLC v. Ronald W. Holden and Susan Reed Holden**, 2013-1744 (La. App. 1 Cir. 1/16/14) (unpublished writ action).

On December 22, 2016, the Livingston Parish Clerk of Court reassigned the reconventional demand filed by the defendants a new suit number, Docket Number 154186, Division D, Twenty-First Judicial District Court, Parish of Livingston, State of Louisiana. Thereafter, the defendants moved to consolidate their reconventional with the plaintiff's prior-filed Petition to Enforce Security Interest by Executory Process. See Docket Number 136622, Division D, Twenty-First Judicial District Court, Parish of Livingston, State of Louisiana. The trial court granted the defendants' motion and consolidated the two suits via an order signed on January 9, 2017.

4

N.A. to the plaintiff, executed on December 16, 2014 and recorded on December 22, 2014.[6]

After other various pleadings were filed by the parties, the plaintiff filed a motion for summary judgment on April 7, 2021. In its motion for summary judgment, the plaintiff argued that the defendants' claim should be dismissed based upon their claim that the plaintiff was not authorized to file an executory process proceeding against them. Specifically, the plaintiff argued that it was in possession of the original note, which amounted to bearer paper, at the time it filed the executory process proceeding against the defendants in March of 2012. Therefore, the plaintiff argued that no authentic evidence of the assignment of the note was required to enable the plaintiff to foreclose on the defendants' property by executory process. The plaintiff further argued that if the trial court found that the note was not bearer paper, the note was later assigned to it and made effective prior to it instituting the executory process proceeding against the defendants. In support of its argument, the plaintiff cited **First NBC Bank v. Levy Gardens Partners 2007, LP**, No. 17-6652, 2019 WL 6770002, at *8 (E.D. La. Dec. 12, 2019), which stated that "[u]nder Louisiana law, the assignee 'steps into the shoes' of the assignor and acquires only those rights possessed by the assignor at the time of the assignment."

In support of its motion for summary judgment, the plaintiff attached several exhibits to its memorandum in support of its argument.[7] One of the exhibits included an affidavit from Jo Ann Snyder, the Vice President of Community Loan Servicing, LLC (formerly known as Bayview Loan Servicing, LLC), in which she

---

[6] The trial court granted the plaintiff's motion to amend and supplement its petition via an order signed on May 18, 2015.

[7] The plaintiff attached several exhibits to its memorandum including, but not limited to, the note, an allonge to the note, and the defendants' mortgage.

confirmed that the note and allonge attached to the plaintiff's Petition to Enforce Security Interest by Executory Process was a true and correct copy.

The defendants opposed the plaintiff's motion for summary judgment, arguing that the plaintiff was not entitled to enforce the note and mortgage because the two assignments it submitted in its Amended and Supplemental Petition for Executory Process were executed and recorded after the order of seizure and sale was signed. Both assignments were executed and recorded in December of 2014, while the order for seizure and sale was signed on March 30, 2012, and the sheriff's sale of the defendants' property occurred on February 27, 2013. Thus, the defendants argued that the note and mortgage that the plaintiff submitted to proceed with its original executory process proceeding filed on March 28, 2012 were not authentic evidence. Therefore, the defendants argued that there remained genuine issues of material fact that precluded summary judgment.

On April 17, 2023, the trial court held a hearing on the plaintiff's motion for summary judgment. After hearing arguments from the parties, the trial court orally ruled that the note was bearer paper and that the plaintiff was entitled to enforce the note because it was in possession of the note at the time of the filing of the executory process proceeding. The trial court granted the plaintiff's motion for summary judgment and dismissed the defendants' reconventional demand with prejudice. On May 3, 2023, the trial court signed a judgment in accordance with its oral ruling. The defendants subsequently appealed the trial court judgment.

## STANDARD OF REVIEW

Appellate courts review the granting of a summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. See La. C.C.P.

6

art. 966(A)(3); **Lucas v. Maison Insurance Co.**, 2021-1401 (La. App. 1 Cir. 12/22/22), 358 So.3d 76, 83-84.

The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. See La. C.C.P. art. 966(A)(2). The purpose of a motion for summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. **Hines v. Garrett**, 2004-0806 (La. 6/25/04), 876 So.2d 764, 769 (*per curiam*). After an adequate opportunity for discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4).[8]

On a motion for summary judgment, the initial burden of proof rests with the mover. See La. C.C.P. art. 966(D)(1); **Lucas**, 358 So.3d at 84. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover's burden on the motion does not require that all essential elements of the adverse party's claim, action, or defense be negated. Instead, after meeting its initial burden of showing that there are no genuine issues of material fact, the mover may point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, summary judgment shall be granted unless the adverse party can produce factual evidence sufficient to establish the existence of a

---

[8] The motion for summary judgment at issue in this appeal was filed and decided under La. C.C.P. art. 966 before its amendment by 2023 La. Acts No. 317, § 1, and 2023 La. Acts No. 368, § 1, which became effective on August 1, 2023.

genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1); **Lucas**, 358 So.3d at 84.

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether there is a genuine issue of material fact. **Collins v. Franciscan Missionaries of Our Lady Health System, Inc.**, 2019-0577 (La. App. 1 Cir. 2/21/20), 298 So.3d 191, 194, writ denied, 2020-00480 (La. 6/22/20), 297 So.3d 773. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. **Hines**, 876 So.2d at 765. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. **Id.** at 765-766. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. **Collins**, 298 So.3d at 195.

## APPLICABLE LAW

The execution of a writ of seizure and sale is governed by La. C.C.P. arts. 2721-2725. The sheriff shall seize the property affected by the mortgage, security agreement, or privilege immediately upon receiving the writ of seizure and sale. La. C.C.P. art. 2721(A). The sheriff shall serve upon the defendant a written notice of the seizure of the property. La. C.C.P. art. 2721(B). The Louisiana Code of Civil Procedure specifically provides the procedure for raising defenses and procedural objections to an executory proceeding. Louisiana Code of Civil Procedure article 2642(A) states, "[d]efenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both."

8

The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed. La. C.C.P. art. 2751. The petition for injunction shall be filed in the court where the executory proceeding is pending, either in the executory proceeding or in a separate suit. La. C.C.P. art. 2752(A).

Injunction proceedings and suspensive appeals from the order directing the issuance of the writ of seizure and sale are aimed at stopping the executory proceeding before the property is sold. **Walter Mortgage Co., LLC v. Turner**, 51,007 (La. App. 2 Cir. 11/16/16), 210 So.3d 425, 432-433. When the creditor improperly causes the debtor's property to be sold, the debtor may, under certain circumstances, have the sale annulled, even though he has failed to prevent it by injunction or suspensive appeal. **Id**. at 433. If the creditor is the adjudicatee at the sale, the debtor may attack that sale based solely on substantive defects in the executory proceeding, such as fraud, lack of notice, or ill practices by the creditor. **Id**. at 433.

Objections as to the lack of authentic evidence or as to minor defects of form or procedure may not be used as grounds for an action to annul a judicial sale of immovable property after recordation of the sheriff's sale or procès verbal in accordance with executory process. La. R.S. 13:4112. Without evidence of substantive defects in the executory proceedings to nullify a completed seizure and sale, the debtor has no cause of action for damages from a lawful seizure and sale. **Gulf Coast Bank and Trust Co. v. Warren**, 2012-1570 (La. App. 4 Cir. 9/18/13), 125 So.3d 1211, 1217.

## DISCUSSION

On appeal, the defendants argue that the trial court erred in granting the plaintiff's motion for summary judgment because the plaintiff did not have a right to institute the executory process proceeding against them. Specifically, the defendants argue that the plaintiff failed to follow the laws governing executory proceedings, and that the alleged violations led to their home being illegally seized.

Louisiana Revised Statutes 13:4112, entitled *Actions to set aside or annul judicial sales in executory proceedings,* provides in pertinent part:

> No action may be instituted to set aside or annul the judicial sale of immovable property by executory process *by reason of any objection to form or procedure* in the executory proceedings, or by reason of the lack of authentic evidence to support the order and seizure, *where the sheriff executing the foreclosure has either filed the procès verbal of the sale or filed the sale for recordation in the conveyance records of the parish* .... Nothing herein shall be construed to affect legal defenses otherwise available to any person against whom a deficiency judgment is sought after the public sale of immovable property through executory proceedings.

(Emphasis added.)

The record indicates that the defendants' reconventional demand and injunctive relief pleading, filed on March 26, 2013, asserted that the plaintiff failed to follow the laws governing executory proceedings, and that the alleged violations led to the illegal seizure and sale of their home. This pleading was filed after the property was sold at the sheriff's sale on February 27, 2013, but before the sheriff had filed the procès verbal in the conveyance records on April 23, 2013. Thus, the defendants' reconventional demand and injunctive relief pleading, having been filed before the recordation of the procès verbal of the sheriff sale in the conveyance records, is authorized by La. R.S. 13:4112, thereby successfully asserting a defense to the plaintiff's executory process proceeding. Therefore, the defendants' claim to annul and set aside the sheriff sale was authorized by La. R.S. 13:4112. See **Guillory v. Fontenot**, 413 So.2d 328, 331 (La. App. 3 Cir. 1982).

This court must now determine if the defendants' claim that the plaintiff was not a holder of the note at the time the plaintiff filed its petition for executory process in the trial court is valid. The defendants argue that the plaintiff could not assert its executory proceeding against them because it did not have the proper authentic evidence showing that it was the holder of the note. In support of its argument, the defendants cite to La. C.C.P. art. 2635, Official Revision Comments-1960, Comment (d), which states, in pertinent part:

> Another situation where additional evidence in authentic form is needed to prove the plaintiff's right to bring the executory proceeding is where the mortgage note is made payable to a named mortgagee, who subsequently transfers the note to a third person, who in turn institutes the executory proceeding to enforce the mortgage. In such a case, the transfer and endorsement of the mortgage note to the plaintiff must be evidenced by an authentic act, and a certified copy annexed to the petition.

The defendants further argue that the two assignments of mortgage, which the plaintiff submitted with its Amended and Supplemental Petition for Executory Process, from Wells Fargo Bank, N.A. to HomeSide Lending, Inc, and Wachovia Bank, N.A. to the plaintiff, are proof that the plaintiff was not a holder of the note at the time it filed its Petition to Enforce Security Interest by Executory Process. Both of these assignments were executed in December of 2014, after the plaintiff filed its Petition to Enforce Security Interest by Executory Process in March of 2012. The defendants also argue that the allonge that the plaintiff submitted with its petition was not affixed to the note, was undated, and did not include Susan Reed Holden's name on it. Therefore, the defendants argue that genuine issues of material fact remain as to the validity of the allonge that the plaintiff used in its Petition to Enforce Security Interest by Executory Process.

The plaintiff counter argues that summary judgment was proper because by producing the note, indorsed in blank, making it payable to bearer, established its right to foreclose by executory process. The plaintiff further argues that Louisiana

jurisprudence no longer requires authentic evidence of a blank indorsement. The plaintiff asserts that following the amendments to the executory process provisions in 1989, La. C.C.P. art. 2635 no longer requires every document submitted in support of a petition for executory process to be in authentic form. See **Community Development Capital v. Housing Corporation of America**, 2019-0045, 2019-0046 (La. App. 4 Cir. 7/31/19), 363 So.3d 389, 394. In support of its argument the plaintiff cites to **UMB Bank, National Association v. Swafford**, 2023-0245 (La. App. 4 Cir. 11/7/23), 377 So.3d 347, 351-352, which provides, in pertinent part:

> Following the 1989 amendments to the executory process provisions, La. C.C.P. art. 2635 no longer requires that every document submitted in support of a petition for executory process need be in authentic form. Rather, to prove it has the right to use the executory process:
>
> [I]t is necessary only for the plaintiff to submit with his petition authentic evidence of:
>
>> (1) The note, bond, or other instrument evidencing the obligation secured by the mortgage, security agreement, or privilege.
>>
>> (2) The authentic act of mortgage or privilege on immovable property importing a confession of judgment.
>
> La. C.C.P. art. 2635(A)(1)-(2).
>
> Louisiana Revised Statute[s] 9:4422, enacted in 1989 and amended in 2012, governs the evidentiary standard where the party bringing the action for executory process is the transferee, assignee, or pledgee of any promissory note:
>
> (1) All signatures of the following persons or entities are presumed to be genuine and no further evidence is required of those signatures for the purposes of executory process: endorsers, guarantors, and other persons whose signatures appear on or are affixed to such instrument secured by the mortgage or privilege.
>
> (2) **The assignment**, pledge, negotiation, **or other transfer of any obligation secured by a mortgage** or privilege **may be proven by any form of private writing, and such writing shall be deemed authentic for the purposes of executory process.**

12

(3) **The holder of any promissory note**, whether negotiable or not, and any negotiable instrument under this Section **may enforce the mortgage or privilege securing such instrument without authentic evidence of the signatures, assignment, pledge, negotiation, or transfer thereof.**

La. R.S. 9:4422 (emphasis added, internal citation and footnote removed).

In the instant matter, the note has an attached allonge, indorsed in blank, which is affixed to and made a part of the note. The allonge references the principal balance of $260,000.00, as well as the loan number, and Ronald Holden's name. The fact that the allonge is undated and does not contain Susan Holden's name does not create a gap in the chain of title, as the allonge is clearly referencing the defendants' note for $260,000.00. The affidavit of Jo Ann Snyder submitted in support of the plaintiff's motion for summary judgment also confirms that a true and correct copy of the note was attached to the plaintiff's Petition to Enforce Security Interest by Executory Process, which included the allonge at issue. Thus, we find that the allonge is affixed to the note.

Accordingly, we find that although the allonge was not authentic evidence of the assignment of the note to the bank, the indorsement in blank on the allonge rendered the note bearer paper, and where the note was bearer paper, authentic evidence of the transfer of the note was not required to enable the holder to foreclose by executory process. See La. R.S. 10:3-301; **UMB Bank, National Association**, 377 So.3d at 353-354. Since the plaintiff became the holder of the note, it had the ability to enforce it through executory process. Upon our *de novo* review of the record, we find that the trial court did not err in finding that the plaintiff, as a holder of the note, had standing to seize and sell the defendants' property. Thus, because we find no genuine issue as to material fact as to the plaintiff's entitlement to judgment as a matter of law, we find that the trial court properly granted summary judgment in favor of the plaintiff, dismissing the defendants' reconventional demand with prejudice.

## CONCLUSION

For the foregoing reasons, we find the trial court's grant of summary judgment in favor of the plaintiff/appellee, Bayview Loan Servicing, LLC and against the defendants/appellants, Ronald W. Holden and Susan Reed Holden is affirmed. Costs of this appeal are assessed to defendants/appellants, Ronald W. Holden and Susan Reed Holden.

**AFFIRMED.**